TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| TING QIU QIU,<br>JIAN WEI DENG,<br>YU BO SU,<br>ZHAOBANG BAI, and<br>SHAOHONG ZENG<br>*on their own behalf and on behalf of others similarly situated* | <u>**Case No: 18-cv-05448**</u> |

                                              Plaintiffs,
                              v.

SHANGHAI CUISINE, INC.
        d/b/a Shanghai Cuisine Bar & Restaurant;
R & M CENTURY, INC.
        d/b/a Shanghai Cuisine Bar & Restaurant;
JOHN DOE CORPORATION
JONATHAN HO,
NA SUN,
JIJIE HONG,
WING JING LAU,
JOSEPHINE FENG, and
CHENWEN HO
                                              Defendants.
------------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENSE
COUNSEL'S MOTION TO WITHDRAW**

## Cases

*Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, No. 91- CV-221, 1994 WL 660533, (N.D.N.Y. Nov. 18, 1994) ..................................................................... 4

*Colter v. Edsall (In re Edsall)*, 89 Bankr. 772 (Bankr. N.D. Ind. 1988); ....................................... 4

*Holmes v. Y.J.A. Realty Corp.,* 128 A.D.2d 482, 513 N.Y.S.2d 415 (1st Dep't 1987) ................... 4

*Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986) ...... 5

In re Meyers, 120 B.R. 751 (Bankr. S.D.N.Y. 1990). ...................................................................... 5

*Kolomick v. Kolomick*, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987), ................................... 4

*Kriegsman v. Kriegsman*, 150 N.J. Super. 474, 479-80, 375 A.2d  (App. Div. 1977)............... 4, 5

*Lattanzio v. COMTA*, 481 F.3d 137, 139 40 (2d Cir. 2007). ........................................................... 5

*Melnick v. Press*, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609 .............................................. 5

*Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 U.S. Dist. LEXIS 12093, (S.D.N.Y. Jan. 29, 2013)........................................................................................................................................ 3

## Rules

Rule 1.16 (e)...................................................................................................................................... 5

Rule 1.16(c)........................................................................................................................................ 3

## PRELIMINARY STATEMENT

Plaintiffs, by and through their counsel Troy Law, PLLC, respectfully submit this Memorandum of Law in Opposition to Defendants' Motion to Withdraw as Counsel. It is Plaintiffs' position that allowing Defendants' counsel to withdraw from the present action would result in an undue delay of the pending litigation and would allow Defendants to avoid liability. We believe that it would serve the best interests of all parties involved if Attorney Craig L. Uhrich, remains the attorney for Defendants SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant for the remainder of the case, if not, at least for the Corporate Defendants, or at least not until a new Counsel is retained by the Corporate Defendants SHANGHAI CUISINE, INC. D/B/A SHANGHAI CUISINE BAR & RESTAURANT; R & M CENTURY, INC. D/B/A SHANGHAI CUISINE BAR & RESTAURANT in order to serve the Court's interest in judicial economy and Plaintiffs' interest of not being subject to undue prejudice.

## STATEMENT OF FACTS

On June 17. 2018, Plaintiffs TING QIU QIU, JIAN WEI DENG, YU BO SU, ZHAOBANG BAI, and SHAOHONG ZENG, by and through counsel Troy Law, PLLC, filed a complaint against Defendants, alleging violations of the FLSA and NYLL. See Docket Entry 1 ("[DE 1]").

On August 23, 2018 attorney Laurie C. Malkin filed a notice of appearance as an attorney for Defendant R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant. Then, on September 27, 2018 attorney Alexander Karasik filed a notice of appearance as an attorney for Defendants SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M

CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant. On October 22, 2018, Attorney Alexander Karasik filed an answer on behalf of the Defendants SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant [ DE 28]. Subsequently, on October 25, 2018 attorney Laurie C. Malkin submitted a Notice of Motion to Withdraw as counsel for Defendant R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant.

On December 26, 2018, one day before the first mediation conference to be held before the court, Attorney Craig L. Uhrich filed consent to change attorney and Notice of Appearance as an attorney for Defendants SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant replacing Alexander Karasik as the attorney [DE 32, 32].

Thereafter, first mediation conference was held before the court on December 27, 2018. On January 24, 2019, the Court ordered the Discovery Plan and Scheduling Order. Subsequently on May 24, Plaintiffs requested first set of Document Production Requests, interrogatories, ESI Stipulation and Notice of Deposition against all of the Defendant corporations. However, even though one month has passed since our request, no action has been taken by Defendants.

Then, on July 02, 2019 Attorney Craig L. Uhrich submitted a Notice of Motion to Withdraw as counsel for Defendants SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant, referring to client's consent and lack of communication [DE 45].

## **ARGUMENT**

Rule of Professional Conduct 1.16(c) states, "[A] lawyer shall continue representation notwithstanding good cause for terminating the representation" when so ordered by the court. RPC 1.16(c). Local Civil Rule 1.4, which governs the instant motion, provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar. Local Civ. R. 1.4.

When considering whether the grant a motion to withdraw under Rule 1.4, Courts analyze two factors: (1) the reasons for withdrawal; and (2) the impact of the withdrawal on the timing of the proceedings. *See, e.g.*, *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 U.S. Dist. LEXIS 12093, at *2-3 (S.D.N.Y. Jan. 29, 2013). When considering the second factor, the Court must consider (1) the posture of the case; and (2) whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (citing *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "'[W]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found.'"). Other considerations the Court will consider include likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010). Prejudice is likely to be found if discovery is not yet closed and the case is not "on the verge of trial readiness." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011)

4

(quoting *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224 (CSH), 1989 U.S. Dist. LEXIS 8764, 1989

WL 88709, at *2 (S.D.N.Y. July 31, 1989)).

While deterioration in the attorney-client relationship can provide adequate ground for

withdrawal, courts have consistently found that there should be an "irreconcilable differences"

between the parties. See *Ameruso v. City of N.Y.*, No. 15-CV-3381 (RA) (BCM), 2016 U.S. Dist.

LEXIS 58165, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016); *Farmer v. Hyde Your Eyes

Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (withdrawal granted where there was "an

obvious breakdown in the attorney-client relationship").  Moreover regarding non payment of

attorney fees, a number of courts have held that nonpayment of fees alone is insufficient cause

for the withdrawal of counsel. See *Colter v. Edsall (In re Edsall)*, 89 Bankr. 772 (Bankr. N.D.

Ind. 1988); In re Pair, 77 Bankr. 976 (Bankr. N.D.Ga. 1987); *Kriegsman v. Kriegsman*, 150 N.J.

Super. 474, 375 A.2d 1253 (App. Div. 1977). Cause for withdrawal has been found, however,

where in addition to nonpayment of fees, counsel has been the object of hostile conduct by the

client, Holmes v. Y.J.A. Realty Corp., 128 A.D.2d 482, 513 N.Y.S.2d 415 [**18]  (1st Dep't

1987), where the attorney-client relationship has become unproductive, *Kolomick v. Kolomick*,

133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987), and where there has been a breach of trust on

the part of the client or a challenge to the attorney's loyalty. *Hunkins v. Lake Placid Vacation

Corp*., 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986). In re Meyers, 120 B.R. 751 (Bankr.

S.D.N.Y. 1990). Also courts have consistently found that clients' non-payment must be

persistent and continued over an extended period. *See Melnick v. Press*, No. 06 Civ. 6686, 2009

U.S. Dist. LEXIS 77609, at *10. Moreover, an attorney has certain obligations and duties to a

client once representation is undertaken, and the obligations in this respect "do not evaporate

because the case becomes more complicated or work more arduous or a retainer not as profitable

as first contemplated or imagined." See *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 422 (D.N.J. 2018) (citing *Kriegsman v. Kriegsman*, 150 N.J. Super. 474, 479-80, 375 A.2d 1253 (App. Div. 1977)).

Here, Defendants' counsel has stated that the reason for his withdrawal is due to deterioration of his communication with the client. However, both of the Defendants are artificial entities such as limited liability company or corporation. Pursuant to rules of this Court and Laws of this Land, artificial entities cannot appear in Federal Court without representation of a licensed attorney. 28 U.S.C. §1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 40 (2d Cir. 2007).

While Defendants' counsel also cites that there has been a breakdown of communication between him and the Defendants, he gives no reason or explanation of the matter. As stated above, Defendant's counsel must show an "irreconcilable differences" and "an obvious breakdown in the attorney-client relationship". See *Ameruso*, *Supra* at 2; *Farmer* , *Supra* at 446. Defendant's counsel has shown neither of these requirements but a broad and general statement as to breakdown of communication.

Further, allowing Defendants' counsel to withdraw at this point would have a negative impact on the timing of the proceeding. Parties have already held a mediation session and a motion for conditional class certification has already been filed by the Plaintiffs. It should also be mentioned that it is not the first time but the third time that Defendants' attorneys are withdrawing causing substantial delay to the proceeding. Especially when Defendant Corporations cannot go Pro Se. Rule 1.16 (e) states that "Even when withdrawal if otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, ………. Including ***giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the***

***client is entitled, promptly refunding any part of a fee paid in advance that has not been***

***earned and complying*** with applicable laws and rules."

Allowing a withdrawal would therefore create an undue delay in moving this case forward and this delay could result in prejudice to Plaintiffs. As it now stands, there have already been numerous delays in this case, as evidenced by the repeated withdrawal of Defendants' counsels and granting Defendants' counsel's motion to withdraw would only further harm the timing of the proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Withdraw, or/alternatively the Court should withhold its decision for this motion until the parties finalize a settlement agreement or go through trial.

Dated: July 17, 2019
        Flushing, NY

                                        Respectfully submitted,
                                        TROY LAW, PLLC

                                        By: s/John Troy_____
                                            John Troy, Esq.
                                            41-25 Kissena Blvd., Suite 119
                                            Flushing, NY 11355
                                            Tel: (718) 762-1324
                                            Fax: (718) 762-1342
                                            johntroy@troypllc.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2019 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

TROY LAW, PLLC

/s/ John Troy_____
John Troy, Esq.
41-25 Kissena Blvd, Suite 119
Flushing, New York 11355
Tel: (718) 762-1324
Fax: (718) 762-1342