UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TING QIU QIU, JIAN WEI DENG, YU BO SU, ZHAOBANG BAI, and SHAOHONG ZENG, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant, R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant, JOHN DOE CORPORATION, JONATHAN HO, NA SUN, JIJIE HONG, WING JING LAU, JOSEPHINE FENG, and CHENWEN HO,

Defendants.

**OPINION & ORDER**

18 Civ. 5448 (ER)

---

Ramos, D.J.:

Ting Qui Qui, Jian Wei Deng, Yu Bo Su, Zhaobang Bai, and Shaohong Zeng (collectively, "Named Plaintiffs" or "Plaintiffs") bring this putative collective action on behalf of themselves and all similarly situated employees against Shanghai Cuisine, Inc. d/b/a Shanghai Cuisine Bar & Restaurant, R & M Century, Inc. d/b/a Shanghai Cuisine Bar & Restaurant, John Doe Corporation, Jonathan Ho, Na Sun, Jijie Hong, Wing Jing Lau, Josephine Feng, and Chenwen Ho (collectively, "Defendants"), alleging unpaid wages and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Doc. 5 ("Complaint"). Plaintiffs also allege violations of New York Labor Law ("NYLL"). *Id.*

Before the Court is Plaintiffs' unopposed motion for conditional collective certification. Doc. 46. In this motion, Plaintiffs seek (a) a conditional certification of a FLSA collective action composed of all non-exempt and non-managerial employees; (b) an order requiring Defendants

to provide Plaintiffs with information about potential class members; (c) an order granting Plaintiffs leave to disseminate notice to potential class members; (d) an order requiring Defendants to post the proposed notice; and (e) an order tolling the statute of limitations for ninety days until the expiration of the opt-in period. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Named Plaintiffs were employed by Defendants as kitchen, wait, and other staff: Qiu was employed as a Chef from June 2016 to April 2018; Deng was employed as a Miscellaneous Worker from April 2014 to April 2018; Su was employed as a Fry Wok from December 2016 to April 2018; Bai was employed as a waiter from August 2017 to April 2018; and Zeng was employed as a waiter from June 2017 to April 2018. Complaint ¶¶ 7–11, 95. As relevant to the instant motion, Plaintiffs allege that while employed in these various roles, Defendants did not compensate them for all hours worked and did not pay them overtime, as required by FLSA. Qiu alleges that he worked sixty-six hours a week during the course of his employment without a fixed time for lunch or dinner. *Id.* ¶¶ 49–51. He was paid a flat compensation rate and was not paid overtime for overtime work. *Id.* ¶ 52–54. Deng's and Su's experiences were similar. *Id.* ¶¶ 61–66; 73–78. Bai alleges that he worked an average of forty-eight and a half hours each week without a fixed time for lunch or dinner and was not paid overtime for overtime work. *Id.* ¶¶ 84–88. Zeng alleges that he worked 100-hour weeks under the same conditions. *Id.* ¶¶ 96–100. Both Bai and Zeng also performed non-waitering tasks, such as cleaning the restroom, floor, and glass, and they both had meal credit deducted from their pay without their knowledge. *Id.* ¶¶ 90–91, 102–103.

On July 10, 2018, Plaintiffs commenced the instant action, seeking to vindicate their rights and those of similarly situated employees under FLSA and New York Labor Law. Doc. 5. Defendants filed an Answer on October 22, 2018. Doc. 28. On July 6, 2019, Plaintiffs filed the instant motion. Doc. 46.

## II. CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION

### A. Legal Standard

Pursuant to the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216(b). "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b). *See Myers*, 624 F.3d at 554–55. This process entails an analysis of whether prospective plaintiffs are "similarly situated" at two different stages: an early "notice stage," and again after discovery is largely complete. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)). At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a[n] FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted). At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go

forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiffs seek a step-one, conditional certification of this collective action under the FLSA, and a determination that the proposed notice to putative opt-in plaintiffs is proper. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated at the second sta[g]e," Plaintiffs face a "'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (internal quotation marks and citations omitted). They must only make "a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (internal citations omitted). "Accordingly, in deciding whether to grant the Plaintiffs' motion, the Court must merely find 'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of a particular practice." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261). To demonstrate that such a factual nexus exists, "plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members." *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011) ((citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.

4

2d 317, 321 (S.D.N.Y. 2007) (noting that "the appropriate inquiry at this pre-discovery stage is whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits")).

In considering Plaintiff's motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442 (internal quotation marks and citations omitted). If the court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id.*

**B. Discussion**

Plaintiffs ask the Court to conditionally certify this FLSA collective action, composed of "current and former non-exempt and non-managerial employees employed at any time from June 17, 2015 to the present within 21 days of the entry of the order." Doc. 46 at 2. Plaintiffs contend that the putative collective action members are similarly situated because they were "subjected to Defendants' common policy of not paying (i) at least the minimum wage for all hours worked; (ii) overtime for all hours worked over 40; [and] (iii) Meal Credit violation[s]." Doc. 48 at 11. They argue that "the manner in which [Named Plaintiffs] were compensated was and remains standard operating procedure with regard to other tipped (waiters) and non-tipped workers (Chef, Pastry Chef, Cashiers, Oil workers, Fry workers)." *Id.* All five Named Plaintiffs have submitted

affidavits showing that they know of and have spoken with other non-exempt, non-managerial employees who were also subjected to this policy. Doc. 47, Exs. 4–7, 10.

The Court notes at the outset that the proposed collective, which consists of both tipped and non-tipped workers, is extremely broad. *See, e.g.*, *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 451 (S.D.N.Y. 2013) (narrowing FLSA collective where the proposed members' claims would likely proceed under different legal and factual theories). "However, [D]efendants' decision not to oppose the motion for conditional certification, even in part, is persuasive reason to authorize notice as requested." *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 611 (S.D.N.Y. 2016); *see also Tate v. WJL Equities Corp.*, No. 13 Civ. 8616 (JLC), 2014 WL 2504507, at *1–2. Furthermore, Plaintiffs' proposed collective is relatively self-contained. For example, there are no allegations that Plaintiffs are seeking a nationwide collective. Rather, it appears likely that the collective action will center on the restaurant known as Shanghai Cuisine Bar & Restaurant located at 89-91 Bayard Street, New York, NY 10013. Doc. 5 ¶¶ 7–33. Therefore, "the risks presented by notifying a broader set of potential plaintiffs than might ultimately prove justified are minimal, in contrast to cases in which plaintiffs seek certification of a dramatically broader collective (*e.g.*, a nationwide class) than the proffered evidence supports." *Johnson*, 160 F. Supp. 3d at 611. Of course, Defendants will still be able to move for de-certification at a later stage, if it appears that not all collective members are in fact similarly situated. "If it appears upon the close of discovery that any Opt-In Plaintiffs are not in fact similarly situated, then, at that juncture, Defendants will have the opportunity to move for de-

certification." *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 68–69 (E.D.N.Y. 2016) (citing *Myers*, 624 F.3d at 555).

However, the Court will limit the collective action only to those non-exempt, non-managerial employees that worked for Defendants within the last three years in light of the FLSA's three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). Currently, the collectively includes all employees that worked for Defendants from "June 17, 2015 to the present within 21 days of the entry of the order." Doc. 46 at 2. However, this case was not properly filed until July 10, 2018. Doc. 5. Because of the statute of limitations for FLSA actions, this action will be limited to non-exempt, non-managerial employees that worked for Defendants from July 10, 2015 to the present, within 21 days of the entry of the order.

### III. DISCLOSURE OF EMPLOYEE INFORMATION

Plaintiffs next request an order requiring Defendants to produce the names and contact information for putative collective members. They request that Defendants produce "an Excel spreadsheet containing first and last name, [] last known address with apartment number (if applicable), the last known telephone numbers, last known e-mail addresses, WhatsApp, WeChat ID and/or Face[b]ook usernames (if applicable), and work location, dates of employment and position" for these individuals. Doc. 46 at 2. "Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a[n] FLSA collective action." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016)). The Court will therefore grant Plaintiffs'

7

request for information for all non-exempt, non-managerial employees who worked for Defendants from July 10, 2015 to the present, within 21 days of the entry of the order.

## IV. PROPOSED NOTICE

To determine whether a proposed notice is appropriate, "[c]ourts consider the overarching policies of the collective suit provisions and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate.'" *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (internal quotation marks omitted) (quoting *Fasanelli*, 516 F. Supp. 2d at 323). Courts have broad discretion in approving the contents of the proposed notice. *Fasanelli*, 516 F. Supp. 2d at 323 (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The Court approves the notice, with the following changes, indicated in bold:

- The "To" line should read "Current and former non-exempt**, non-managerial** employees employed at any time from **July 10, 2015** to the present by:".

- All references to June 17, 2015 will be changed to **July 10, 2015**.

- There is a typographical error on Page 2. "Medal deductions" should read "**meal** deductions."

- There is a typographical error on Page 3. "[A]ll hour worked" should read "all **hours** worked."

- On Page 4, the paragraph beginning "If you select an attorney other than Plaintiffs' counsel to represent you in this action," (currently under Question 10) should be moved to after the last paragraph in Question 7. Plaintiffs are directed to include the address for the Clerk of Court in this paragraph.

Additionally, the consent form must permit recipients to indicate whether they agree to be represented by Plaintiffs' counsel or whether they have decided to retain separate counsel. *See*

8

*Tate*, 2014 WL 2504507, at *3. It must also indicate that parties can mail the consent form to the Clerk of Court and include the Clerk of Court's address.

Once the Court has approved the revised notice and consent forms, Plaintiffs will be authorized to disseminate the notice. Additionally, within seven days of approval, Defendants are directed to post the approved notice in all relevant languages in a conspicuous and unobstructed location likely to be seen by all currently employed collective members throughout the opt-in period. "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013); *see also Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.").

## V. TOLLING STATUTE OF LIMITATIONS

Finally, Plaintiffs ask that the statute of limitations on this suit be tolled for 90 days until the expiration of the opt-in period. Equitable tolling is only appropriate "only in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2106 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (internal quotation marks and citations omitted). The Court does not find that this case currently presents any such circumstances. Accordingly, Plaintiffs' request is denied.

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion. The Court will conditionally certify a FLSA collective of non-exempt, non-managerial

9

employees that worked for Defendants from July 10, 2015 to the present, within 21 days of the entry of the order. Plaintiffs are directed to submit an edited notice and consent form by November 22, 2019. Defendants are directed to provide Plaintiffs with the requested contact information for all putative collective members by the same date. The Court will not toll the applicable statute of limitations at this time.

    The Clerk of Court is respectfully directed to terminate the motion, Doc. 46.

    SO ORDERED.

Dated:   November 14, 2019
           New York, New York

                                                          Edgardo Ramos, U.S.D.J.