**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TING QIU QIU, JIAN WEI DENG, YU BO SU, ZHAO-
BANG BAI, and SHAOHONG ZENG, *individually and
on behalf of others similarly situated*,

                              Plaintiffs,

              -against-

SHANGHAI CUISINE, INC. *d/b/a Shanghai Cuisine Bar
& Restaurant*, R & M CENTURY, INC. *d/b/a Shanghai
Cuisine Bar & Restaurant*, JOHN DOE CORPORATION,
JONATHAN HO, NA SUN, JIJIE HONG, WING JING
LAU, JOSEPHINE FENG, and CHENWEN HO,

                              Defendants.

**OPINION & ORDER**

18 Civ. 5448 (ER)

---

Ramos, D.J.:

        Ting Qui Qui, Jian Wei Deng, Yu Bo Su, Zhaobang Bai, and Shaohong Zeng

(collectively, "Named Plaintiffs" or "Plaintiffs") brought this putative collective action on

behalf of themselves and all similarly situated employees against Shanghai Cuisine, Inc.

d/b/a Shanghai Cuisine Bar & Restaurant, R & M Century, Inc. d/b/a Shanghai Cuisine

Bar & Restaurant, John Doe Corporation, Jonathan Ho, Na Sun, Jijie Hong, Wing Jing

Lau, Josephine Feng, and Chenwen Ho (collectively, "Defendants"), alleging unpaid

wages and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq*.  Doc. 5.  Plaintiffs also allege violations of New York Labor Law

("NYLL").  *Id.*  On February 13, 2020, the Court entered default judgment against

Defendants Shanghai Cuisine, Inc., R & M Century, Inc., Jijie Hong, Wing Jing Lau, and

Josephine Feng.  Doc. 78.  Accordingly, only Defendants John Doe Corporation, Na Sun,

and Jonathan Ho, a/k/a Chenwen Ho, remain in this action.

        Before the Court is Defendants Sun and Ho's motion to dismiss for insufficient

service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and Plaintiffs'

motion to amend the complaint pursuant to Rule 15(a).  For the reasons stated below, Sun and Ho's motion is DENIED, and Plaintiffs' motion is GRANTED.

## I.    BACKGROUND

The Court assumes familiarity with the facts in its previous Opinion and Order in this case, *Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2019 WL 6002371 (S.D.N.Y. Nov. 14, 2019).  The following facts are only those necessary to resolving the motions at hand.

Named Plaintiffs were employed by Defendants as kitchen, wait, and other staff: Qiu was employed as a Chef from June 2016 to April 2018; Deng was employed as a Miscellaneous Worker from April 2014 to April 2018; Su was employed as a Fry Wok from December 2016 to April 2018; Bai was employed as a waiter from August 2017 to April 2018; and Zeng was employed as a waiter from June 2017 to April 2018.  Doc. 5 ¶¶ 7–11, 95.  Plaintiffs allege that while employed in these various roles, Defendants did not compensate them for all hours worked and did not pay them overtime, as required by FLSA and NYLL.  They commenced the instant action on July 10, 2018, seeking to vindicate their rights and those of similarly situated employees.  *Id.*

According to the docket, Defendants were all served on August 2, 2018.  Docs. 14–22.  Service was made by Plaintiffs' attorney, Aaron Schweitzer, who delivered a copy of the summons and complaint to Defendants at Shanghai Cuisine, located at 89–91 Bayard Street, New York, NY 10013.  *Id.*  Linda Pung, a Manager/Cashier at Shanghai Cuisine, accepted service.  *Id.*  Schweitzer then mailed a copy of the summons and complaint to Defendants at the same address the following day.  *Id.*

Only Defendants Shanghai Cuisine, Inc. and R & M Century, Inc. appeared in the action, filing an Answer on October 22, 2018.  Doc. 28.  Several months later, in July 2019, counsel for Shanghai Cuisine, Inc. and R & M Century, Inc. moved to withdraw, Doc. 45, and Plaintiffs moved for conditional collective certification, Doc. 46.  The motion for conditional collective certification was unopposed, and both motions were

ultimately granted.  Docs. 55, 56.  In connection with the motion to withdraw, the Court

directed counsel to inform Shanghai Cuisine and R & M Century, Inc. to have new

counsel appear no later than October 4, 2019.  Defendants failed to retain new counsel.

On December 12, 2019, the Court held a Show Cause Hearing, ordering all Defendants to

show cause why default judgment should not be entered against them.  Shanghai Cuisine,

Inc., R & M Century Inc., and several other individual defendants failed to appear at the

hearing, and default judgment was ultimately entered against them, Doc. 78.  However,

counsel for Sun and Ho appeared for the first time at the hearing and requested leave to

file a motion to dismiss for insufficient service of process.  Minute Entry for Dec. 12,

2019.

Sun and Ho maintain that they were never properly served pursuant to Federal

Rule of Civil Procedure 12(b)(5) because Shanghai Cuisine was not their actual place of

business at the time of service, and, as a result, they claim to only have learned about the

case in late 2019.  Doc. 67, Exs. 1–2.  Prior to April 6, 2018, Ho was the owner of

Shanghai Cuisine and Sun was a shareholder.  *Id.*, Ex. 2 at ¶ 6.  However, on April 6,

2018, Sun and Ho entered into an agreement to transfer their interest in Shanghai Cuisine

to Christian Vega and United Restaurant Group, Inc. (the "Shareholder and Operating

Agreement").  Doc. 67, Ex. 1 ¶ 3; *id.*, Ex. 2 ¶ 7.  Under the Shareholder and Operating

Agreement, Shanghai Cuisine would be held through United Restaurant Group, Inc., and

Sun and Ho would own shares in United Restaurant Group, Inc.  Doc. 67, Ex. 1 ¶ 3; *id.*,

Ex. 2 ¶ 8.  However, rather than receive shares in United Restaurant Group, Inc., Sun and

Ho were issued shares in an unrelated company called United Restaurant Group

International Inc.  *Id.*, Ex. 1 ¶ 4; *id.* Ex. 2 ¶ 9.  Sun and Ho maintain that they were

defrauded out of their ownership interests in Shanghai Cuisine.  *Id.*, Ex. 1, ¶ 5; *id.*, Ex. 2

¶ 10.  After April 6, 2018, one of the investors in United Restaurant Group, Inc., allegedly

held herself out as the new "boss" at Shanghai Cuisine.  *Id.*, Ex. 1 ¶ 6; *id.*, Ex. 2 ¶ 11.

3

Ho further maintains that Shanghai Cuisine was not his actual place of business even before April 6, 2018, as he had already started working at the Hudson Club at 21 South End Avenue, New York, NY 10280.  *Id.*, Ex. 1 ¶ 7.  He maintains that, after April 6, 2018, he "almost never appeared at Shanghai Cuisine . . . as per the request of the new managers." *Id.* ¶ 9.  As for Sun, he maintains that he lived in China from the beginning of June to the end of August 2018.  *Id.*, Ex. 2 ¶ 12.  Both claim that they have yet to be served with process in this case.  *Id.*, Ex. 1 ¶ 10; *id.*, Ex. 2 ¶ 13.

Sun and Ho filed the instant motion to dismiss pursuant to Rule 12(b)(5) on January 13, 2020.  Doc. 66.  In their opposition, Plaintiffs cross-moved to amend their complaint pursuant to Rule 15(a), having only learned through Sun and Ho's briefing that John Doe Corporation was United Restaurant Group, Inc.  Doc. 77.  At a conference held on February 14, 2020, the Court stayed discovery pending the outcome of the motion and tolled Plaintiffs' statute of limitations.  Minute Entry for Feb. 14, 2020.  Sun and Ho further argue that, should the Court extend Plaintiffs' time to serve, the statute of limitations should not be tolled during this time.  Doc. 79.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(5)

In considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, a court may also look to materials outside the complaint to determine whether it has jurisdiction.  *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).  "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Id.* (quotation marks and citation omitted).  When a defendant challenges the sufficiency of service pursuant to Rule 12(b)(5), "the plaintiff bears the burden of proving its adequacy." *Id.* (quotation marks and citation omitted).

To evaluate a 12(b)(5) motion, courts look to Federal Rule of Civil Procedure 4, which governs service of process.  Pursuant to Federal Rule 4(m):

4

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The Second Circuit has held that Federal Rule of Civil Procedure 4 is to be construed liberally "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks and citation omitted).  Incomplete or improper service may lead a court to dismiss an action "unless it appears that proper service may still be obtained." *Id.* (internal quotation marks and citation omitted).  Thus, a court may dismiss an action when it appears that "there is simply no reasonably conceivable means of acquiring jurisdiction over the person of the defendant." *Id.* (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)).

### B. Rule 15(a)

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its complaint pursuant to the other party's written consent or the court's leave.  Fed. R. Civ. P. 15.  Under section 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178, 182 (1962), who may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted).  This is a permissive standard, since there is a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks and citation omitted).

## III.   DISCUSSION

### A.  Failure to Serve

Defendants Sun and Ho move to dismiss the action against them for improper service of process.  Rule 4(e) provides that service on an individual within a judicial

district of the United States may be made pursuant to the law of the state in which the district court sits or by doing any of the following: (1) delivering a copy of the summons and the complaint to the individual personally; (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized to receive service of process on behalf of the individual. Fed. R. Civ. P. 4(e). The docket in this case indicates that service was effected upon Sun and Ho on August 2, 2018, at Shanghai Cuisine—89–91 Bayard Street, New York, NY 10013—through the personal delivery of a copy of the summons and complaint to Linda Pung, a Manager/Cashier at the restaurant, and by mailing the summonses and complaint to the same address the following day. Docs. 17–18, 22. New York Civil Practice Law and Rules ("C.P.L.R.") 308(2) provides that service may be effected by personal delivery to the defendant's actual place of business, with a follow-up mailing to the defendant's last known residence or his or her actual place of business. Accordingly, it appears that service was made pursuant to New York state law, and not pursuant to any of the other articulated modes of service in Rule 4(e).

Sun and Ho argue, however, that service was improper because Shanghai Cuisine was not their actual place of business at the time of service. "New York courts have construed 'actual place of business' to include (1) a place where defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Defendants can have more than one "actual place of business" for purposes of C.P.L.R. 308. *Id.* at 325–26; *see also Gibson, Dunn & Crutcher LLP v. Global Nuclear Servs. Supply, Ltd.*, 280 A.D.2d 360, 361 (1st Dep't 2001). Furthermore, a defendant's "actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its actual place of business." C.P.L.R. § 308(6). Defendants that "effectively h[o]ld out" a location as their business

6

address, "and induce[] plaintiff's reliance thereon . . . cannot disclaim it as his 'actual place of business.'" *Gibson*, 280 A.D.2d at 361.

Here, Sun and Ho have provided sworn affidavits stating that Shanghai Cuisine was not their actual place of business in August 2018.  Doc. 67, Exs. 1–2.  As evidence to the contrary, Plaintiffs direct the Court to three documents.  *First*, they point to the Shareholder and Operating Agreement, Doc. 67, Ex. 3, which allegedly establishes that after Shanghai Cuisine's acquisition, (1) Sun and Ho remained shareholders of United Restaurant Group International—the parent company of United Restaurant Group, Inc., which in turn is the parent of R & M Century Inc., which in turn operates Shanghai Cuisine; (2) Sun and Ho were on the Board of Directors of United Restaurant Group, Inc.; and (3) Sun and Ho remained managers and supervisors at Shanghai Cuisine during the relevant time period.  *Second*, Plaintiffs direct the Court to Ho's affidavit, in which he allegedly admits that he continued to occasionally appear at the restaurant after the transfer, *id.*, Ex. 1.  *Third*, they cite to a liquor license allegedly showing that Ho remained the liquor license principal at R & M Century Inc., and therefore held himself out as in control of food and beverages at Shanghai Cuisine.

None of these documents, however, conclusively establish that Shanghai Cuisine was Sun and Ho's actual place of business.  The Shareholder and Operating Agreement is, as put by Sun and Ho, "a poorly worded document," Doc. 79 at 4, and is subject to competing interpretations.  Notably, the transaction memorialized by that document is currently the subject of ongoing litigation between other investors and United Restaurant Group, Inc.  *WZ USA, LLC v. United Rest. Grp. Int'l In.*, 2019 NY Slip Op. 32067(U) (Sup. Ct.).  Second, even if Ho occasionally went to Shanghai Cuisine after the transfer, this does not, alone, confirm that it was his actual place of business.  Finally, the liquor license in question was not submitted to the Court, despite being referenced throughout Plaintiffs' briefing, and so the Court cannot confirm Plaintiffs' interpretation of it.  It

appears, then, in light of Sun and Ho's affidavit's, that Shanghai Cuisine was not their actual place of business in August 2018 and that they were not appropriately served there.

Even if service was not effected within 90 days after the filing of the Complaint, as mandated by Rule 4(m), however, dismissal is not required if Plaintiffs can show "good cause" why service was not made. Fed. R. Civ. P. 4(m). In determining whether "good cause" exists for the failure of proper service, courts typically consider "the plaintiff's diligence and the prejudice to the defendant." *Gordon v. Hunt*, 116 F.R.D. 313, 319–21 (S.D.N.Y. 1987). Here, Plaintiffs timely attempted service, and, indeed, believed for many months that service had been effected. Moreover, the confusion around which individuals were employed by Shanghai Cuisine at the time is not unwarranted. Sun and Ho maintain in their respective affidavits that they believe they were ultimately defrauded out of their interests in the restaurant, implying that even they intended to retain some level of involvement or ownership after the acquisition. Sun and Ho further argue that they will be prejudiced by an extension of time to properly serve because "[t]he Court has granted conditional certification for all current and former employees and Defendants Sun and Ho never had an opportunity to challenge that decision." Doc. 79 at 9. But, as Sun and Ho note, this certification is *conditional*; if properly served, they will have ample opportunity to oppose final certification. As such, the Court finds that Sun and Ho will not be unduly prejudiced by an extension of time to serve.

For these reasons, the Court declines to grant Sun and Ho's Rule 12(b)(5) motion to dismiss. Instead, Plaintiffs are directed to serve Sun and Ho, and file proof of service on the docket, within thirty days of the issuance of this Opinion and Order.

### B. Tolling

At the February 14, 2020 conference, the Court tolled the statute of limitations after staying discovery pending the outcome of this motion. Minute Entry for Feb. 14, 2020. Sun and Ho argue that, if the Court grants Plaintiffs an extension of time to serve, the statute of limitations should not be tolled during this time. Doc. 79 at 9. However,

Plaintiffs have not requested such relief.  As such, the statute of limitations is no longer tolled as of the issuance of this Order and Opinion.

### C.  Amending the Complaint

Finally, Plaintiffs seek leave to amend the Complaint to correct the name of Defendant John Doe Corporation to United Restaurant Group, Inc.  Doc. 77 at 10.  Sun and Ho do not oppose this request, and the Court sees no reason to deny it.  Plaintiffs acted diligently in attempting to identify the name of the corporation, and claim to only have learned of it from the instant briefing.  *Id.*  Upon discovery of this information, they moved promptly to amend.  In light of Rule 15(a)'s liberal spirit, the Court will grant Plaintiffs' request.  Any such amendment must be made within thirty days.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Sun and Ho's motion to dismiss pursuant to Rule 12(b)(5) is DENIED without prejudice, and Plaintiffs' motion to amend is GRANTED.  Plaintiffs are directed to serve Sun and Ho, and file proof of service on the docket, by June 4, 2020.  Plaintiffs are also directed to file an Amended Complaint by the same date.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 66.


SO ORDERED.


Dated:   May 4, 2020
         New York, New York

_____
              EDGARDO RAMOS, U.S.D.J.