# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

**MEMO ENDORSED**

June 24, 2020

*Via* **ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> The motions to compel and for an extension of time to serve are GRANTED. Plaintiffs are directed to serve Defendants with both versions of the complaint by July 31, 2020.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: June 26, 2020
> New York, New York

Re:   Motion: 1) to Compel Chenwen Ho and Na Sun to Provide their Residences and Domiciles Pursuant to Local Civil Rule 26.1; and
2) for an Extension to July 31, 2020 of Time Serve Chenwen Ho and Na Sun
*Qiu et al v. Shanghai Cuisine, Inc. et al*, No. 18-cv-05448 (ER), (S.D.N.Y.)

Your Honor,

We represent the Plaintiffs in the above referenced matter. We write respectfully 1) to ask that the Court compel Chenwen Ho and Na Sun to provide their residences and domiciles pursuant to Local Civil Rule 26.1; and 2) for an extension of time to serve Chenwen Ho and Na Sun from June 4, 2020 to July 31, 2020. This is Plaintiffs' second request for an extension of time to serve. Plaintiffs' first request for an extension of time to serve, made on June 3, 2020 for an extension to July 4, 2020 of time to serve, has not been either opposed by Defendants or addressed by the Court.

Because Plaintiffs recently amended their Complaint, we also seek clarification as to whether to serve the original Compliant, the Amended Complaint, or both on Chenwen Ho and Na Sun.

**Background**

Attorneys for Chenwen Ho and Na Sun appeared on December 12, 2019 to show cause why default judgment should not be entered against them. Chenwen Ho and Na Sun moved to dismiss the Complaint against them on January 13, 2020 for want of sufficient service of process.[1] On January 14, 2020, Plaintiffs served Chenwen Ho and Na Sun a demand for residences and domiciles pursuant to Local Civil Rule 26.1 by first-class mail and email to their attorneys of record. They did not respond within the 7-day period prescribed by the Rule, and accordingly, Plaintiffs moved on January 27, 2020 for a conference to discuss, *inter alia*, Plaintiffs' contemplated motion to compel this information. *See* Dkt. No. 74.

---

[1] In furtherance of his motion, Chenwen Ho named the Hudson Club at 21 South End Avenue, New York, NY 10280 as his actual place of business in May 2018. *See* Dkt. No. 67-1 ¶ 7. However, the Hudson Club has been, is, and as a service business will until the implementation of Phase 3 reopening in Manhattan remain closed due to COVID-19. It is not clear from Chenwen Ho's affidavit that the Hudson Club is still his actual place of business, and due to the closure, site visits have not been able to verify whether it is still his actual place of business. The Hudson Club's telephone number is not listed online, so we were unable to call it to verify whether Chenwen Ho still worked there. Accordingly, we have not attempted to serve Chenwen Ho at the Hudson Club, as it would represent a futile exercise.

Hon. Edgardo Ramos, U.S.D.J.
*Qiu et al v. Shanghai Cuisine, Inc. et al*, No. 18-cv-05448 (ER), (S.D.N.Y.)
Page **2** of **3**

At the said conference, on February 14, 2020, the Court stayed discovery pending resolution of Defendants' motion to dismiss. That motion was denied on May 4, 2020, and Plaintiffs were given leave to amend their Complaint and to serve Chenwen Ho and Na Sun by June 4, 2020.

In furtherance of our efforts to serve Chenwen Ho and Na Sun, and in light of the discovery stay having been lifted, we emailed Defense counsel four times between May 29, 2020 and June 2, 2020, reminding counsel of Defendants' obligations under Rule 26.1, and also proposing that counsel accept service on behalf of their clients in order to minimize time and cost. On July 2, 2020, Defense counsel refused point-blank either to accept service or to disclose Chenwen Ho's or Na Sun's addresses. *See* Dkt. No. 81-1. Accordingly, Plaintiffs moved to compel production of Chenwen Ho's and Na Sun's addresses on June 3, 2020, and for an extension to July 4, 2020 of time to serve them. *See* Dkt. No. 81. The Court directed Defendants to respond by June 8, 2020. *See* Dkt. No. 82. Defendants did not respond, and have not requested an extension of time to respond. However, no Order issued from this motion.

Pursuant to the Court's Order of May 4, 2020, Plaintiffs filed an Amended Complaint on June 4, 2020 and re-filed on June 11, 2020. *See* Dkt. Nos. 83, 84.

### **Plaintiffs' Motion to Compel Should Be Granted as Unopposed**

Local Civil Rule 26.1 provides that "a party shall furnish to any other party, within seven (7) days after a demand, a verified statement setting forth, if the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332." L. Civ. R. 26.1, 26.1(a). Defendants have submitted no valid objections to complying with this demand, either to us or to the Court.

Unopposed motions to compel are typically granted. *See*, *e.g.*, *Gesualdi v. Interstate Payroll Co.*, No. 14-cv-06780 (ADS) (SIL), 2016 U.S. Dist. LEXIS 21209, at *4 (E.D.N.Y. Feb. 22, 2016) ("In any event, by failing to oppose the instant motion, Defendant fails to satisfy its burden of showing why the discovery sought should be denied."); *Aetna Life Ins. Co. v. Licht*, No. 03-cv-06764 (PKL), 2005 U.S. Dist. LEXIS 1119, at *2 (S.D.N.Y. Jan. 27, 2005) (granting motion to compel where "Defendants have filed no opposition to plaintiff's motion, though defendants' time to oppose has passed; nor has the Court received any motion for protective order or an extension of time to respond."); *Hynes v. Kirkpatrick*, No. 05-cv-00380 (FJS) (GHL), at *4–5 (N.D.N.Y. Mar. 21, 2007) ("By failing to file… a memorandum of law, Defendants have 'consented' to Plaintiff's motion."); *see also Peyser v. Kirshbaum*, No. 12-cv-02857 (KBF), 2012 U.S. Dist. LEXIS 176873, at *3–4 (S.D.N.Y. Dec. 11, 2012) ("The Court advised that if respondents failed to oppose such motion [to compel arbitration] on or before September 3, 2012, the Court would deem petitioner's motion unopposed.… Respondents… did not file an opposition prior to the September 3 deadline. As such the Court treats petitioner's motion as unopposed.").

Here, as in *Peyser*, *supra*, Defendants were given a deadline by which to respond, and before which no response was filed. As of this writing, no response has been filed. Therefore, the Court should grant Plaintiffs' motion to compel Defendants' production of Chenwen Ho's and Na Sun's residences and domiciles pursuant to Local Civil Rule 26.1, within 7 days of the Order.

Case 1:18-cv-05448-ER   Document 88   Filed 06/26/20   Page 3 of 3

Hon. Edgardo Ramos, U.S.D.J.
*Qiu et al v. Shanghai Cuisine, Inc. et al*, No. 18-cv-05448 (ER), (S.D.N.Y.)
Page **3** of **3**

### **Plaintiffs' Motion for an Extension of Time to Serve Should Be Granted**

As the Court noted in its May 4, 2020 Order, "dismissal is not required if Plaintiffs can show 'good cause' why service was not made." Dkt. No. 80 (quoting Fed. R. Civ. P. 4(m)). "In determining whether 'good cause' exists for the failure of proper service, courts typically consider 'the plaintiff's diligence and the prejudice to the defendant.'" *Id.* (quoting *Gordon v. Hunt*, 116 F.R.D. 313, 319–21 (S.D.N.Y. 1987). Here, Plaintiffs have diligently and continuously sought production of Chenwen Ho's and Na Sun's residences and domiciles since January 14, 2020, more than five months ago. We have sought it through serving demands on Defendants, reminding Defendants of their obligations, and moving the Court twice to compel production. Further, Defendants cannot claim that they would be prejudiced by an extension, as it was necessitated by their own failure to respond to a discovery demand. Plaintiffs seek an extension to July 31, 2020, approximately 5 weeks from this filing. This time frame is appropriate because it would allows the Court time to rule on Plaintiffs' motion to compel, Defendants time to comply, and to actually effectuate the service.

### **Plaintiff Seeks Clarification as to Which Complaint to Serve**

At the time the May 4, 2020 Order was issued, the original Complaint was the operative complaint in this matter. The May 4, 2020 Order clearly contemplated that the original Complaint be served on Chenwen Ho and Na Sun, because it Ordered Plaintiffs to file proof of service on June 4, 2020, which was also the deadline to file an Amended Complaint. However, as of this writing, the Amended Complaint is the operative complaint. As such, we are compelled to consider whether to serve the original Complaint, the Amended Complaint, or both out of an abundance of caution. We would appreciate any guidance the Court gives on this matter.

For all the reasons stated above, Defendants Chenwen Ho and Na Sun should be compelled to disclose their residences and domiciles, and Plaintiffs should be granted an extension until July 31, 2020 to serve them.

We thank the Court for its time and consideration in this matter.

Respectfully Submitted,

 */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer

cc:   via ECF
      all counsel of record