**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| TING QIU QIU, JIAN WEI DENG, YU BO SU, ZHAOBANG BAI, and SHAOHONG ZENG *on their own behalf and on behalf of others similarly situated* | Case No. 18-cv-05448 |
| Plaintiffs, | |
| v. | |
| SHANGHAI CUISINE, INC. d/b/a Shanghai Cuisine Bar & Restaurant; R & M CENTURY, INC. d/b/a Shanghai Cuisine Bar & Restaurant; UNITED RESTAURANT GROUP, INC. d/b/a Shanghai Cuisine Bar & Restaurant, CHENWEN HO, a/k/a Jonathan Ho, NA SUN, JIJIE HONG, WING JING LAU, and JOSEPHINE FENG | **NOTICE OF MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)(1) AND L. CIV. R. 6.3** |
| Defendants. | |

---

Jim Li, Esq.
Jim Li & Associates, P.C.
13656 39th Ave, Suite 407
Flushing, NY 11354
Telephone: (718) 886-8960
Fax: (718)886-8961

1

**INTRODUCTION**

Plaintiffs filed the instant action on June 17, 2018 against Defendants, all of whom allegedly operated the restaurant "Shanghai Cuisine" located at 89-91 Bayard Street, New York, NY 10013 (the "Restaurant"), alleging wage and hour claims under the Fair Labor Standards Act (FLSA) and New York labor law (NYLL). (ECF No. 1). While the corporate Defendants SHANGHAI CUISINE, INC. and R & M Century, INC. were served at the principal place of business and appeared with counsel, the two individual Defendants, NA SUN and JONATHAN HO a/k/a CHENWEN HO ("Defendants SUN and HO") were never properly served. In fact, during the over one and a half years of litigation, although Defendants SUN and HO never appeared, neither pro se nor through counsel, no other service of process was ever attempted through any other means to comply with either federal rules or New York state law. Defendants SUN and HO moved to dismiss the Complaint against them on January 13, 2020 pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(5) for insufficient service of process. The motion was denied on May 4, 2020, and Plaintiffs were given leave to amend their Complaint and to serve Defendants SUN and HO by June 4, 2020. (ECF No. 80). Although Plaintiffs' counsel claims that they emailed Defendants' counsel four times between May 29, 2020 and June 2, 2020, reminding Defendants SUN and HO of their obligations under Rule 26.1 and proposing that Defendants' counsel accept service on behalf of Defendants, Defendants' counsel did not respond because the Law Office was closed due to COVID-19. Plaintiffs moved to compel production of Defendants' residences and domiciles to serve them with process on June 3, 2020, and for an extension to July 4, 2020 of time to serve them. (ECF No. 81). The Court directed Defendants to respond by June 8, 2020. (ECF No. 82). Defendants did not respond by June 8, and did not request an extension of time to respond because the Law Office was not

reopened until June 26, 2020, 4 days after the City of New York entered Phase Two of Restart NYC on June 22.[1] On June 24, 2020, plaintiffs made a motion to compel Defendants to provide their residences and domiciles to serve them with process pursuant to Local Civil Rule 26.1 and for an extension to July 31, 2020, of time to serve Defendants. (ECF No. 86). Only two days later, on June 26, 2020, the Court granted the motions to compel and for an extension of time to serve and plaintiffs are directed to serve Defendants with both versions of the complaint by July 31, 2020. (ECF No. 88). As such, Defendants SUN and HO file the instant motion seeking reconsideration of the Court's order granting the motions pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b)(1) and Local Civil Rule 6.3.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed an affidavit on August 2, 2018, allegedly serving all Defendants on August 2, 2018 at 89-91 Bayard Street, New York, NY 10013 through the personal delivery of an individual by the name Aaron Schweitzer of a copy of the summons and complaint to LINDA PUNG, who allegedly was the "Manager/Cashier," and by mailing the same summonses and complaint to the same address the following day. (ECF Nos. 14-22). Defendants Sun and Ho, though previous owners of the restaurant, by the time this action was filed and service was allegedly attempted, were no longer the owners nor the actual operators of the restaurant. (Ho Aff. ¶¶5-9, Sun Aff. ¶¶4, 12-13). At the time the alleged service was attempted on August 2, 2018, Defendants SUN and HO had long been working elsewhere. (*Id.*) They did not know who Linda Pung was, much less designating her as their agent for accepting service. (Ho Aff. ¶2, Sun Aff. ¶13). In fact, Defendant Ho named the Hudson Club at 21 South End Avenue, New York,

---

[1] The Official Website of the City of New York, *COVID-19: RESTART Guidance for Businesses,* https://www1.nyc.gov/site/doh/covid/covid-19-businesses-and-facilities.page

NY 10280 as his actual place of business after May 2018. (ECF No. 67-1 ¶ 7).  However, Plaintiffs have never attempted to serve Defendants at the Hudson Club in the two months from January 13, 2020 to the outbreak of COVID-19 in March while claiming that the Hudson Club has been, is, and will remain closed until the implementation of Phase 3 reopening in Manhattan. (ECF No. 86).

## ARGUMENT

### 1. LOCAL CIVIL RULE 26.1 IS ERRONEOUSLY APPLIED TO COMPEL DEFENDANTS TO PROVIDE THEIR RESIDENCES AND DOMICILES FOR SERVICE OF PROCESS

Local Civil Rule 26.1 of the United States District Court for the Southern and Eastern Districts of New York provides that "a party shall furnish to any other party, within seven (7)days after a demand, a verified statement setting forth, if the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332." L. Civ. R. 26.1(a). The COMMITTEE NOTE of Local Civil Rule 26.1 adds that this "rule has been revised in order to make it a more effective tool for determining quickly whether or not there is a basis to challenge diversity jurisdiction."

In *Krechmer v. Tantaros*, the defendant's original Local Rule 26.1 response to the plaintiff's demand asserted that "[a]lthough I rent a vacation home in New Jersey ... my primary residence is in New York State, the State in which, among other things, I rent an apartment, I am registered to vote, I pay city and state taxes, I register my car and pay insurance." *Krechmer v. Tantaros*, No. 16-cv-7820 (KBF), 2017 WL 8777373, at *3 (S.D.N.Y. Dec. 01, 2017) The Court held that "although there may have been minor technical defaults with Tantaros' original Rule 26.1 response…, the Court easily concludes … that Tantaros was a domicile and citizen of New York at the time this action was filed… Accordingly, this Court lacks subject matter jurisdiction

4

(for there is no diversity of citizenship)." *Id*. In *Matkal LLC v. VG Rush Corp.,* the defendant demanded the plaintiff to furnish its residence and domicile pursuant to Local Civil Rule 26.1 and established that plaintiff "is a Delaware limited liability company with a principal place of business in West Hempstead, New York" with two individual members domiciled in the State of New York with the purpose of challenging diversity jurisdiction for removal...." *Matkal LLC v. VG Rush Corp.,* 2019 WL 1748601, at *5 (E.D.N.Y. Apr. 18, 2019).

This case was commenced based on plaintiffs' wage and hour claims under the Fair Labor Standards Act (FLSA) and New York labor law (NYLL). (ECF No. 1). This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a). (ECF No. 84). The purpose of Plaintiffs' demand for Defendants to provide their residences and domiciles is to serve them with process, not to challenge the diversity jurisdiction. (ECF No. 86). In fact, the question of diversity of citizenship has never been raised in the original version of complaint and the amended complaint, even in the whole process of litigation. (ECF Nos. 5, 86). Therefore, there are no legal grounds or precedents for the Court to grant the Plaintiffs' motion to compel Defendants to provide their residences or domiciles for the purpose of serving them with process pursuant to Local Civil Rule 26.1.

2. **PLAINTIFFS' MOTION TO COMPEL MISTAKENLY CITES CASES RELATED TO DISCOVERY RATHER THAN SERVICE OF PROCESS**

In Plaintiffs' motion to compel, Plaintiffs' counsel claims that "unopposed motions to compel are typically granted" and cites cases such as *Gesualdi v. Interstate Payroll Co.,* No. 14-cv-06780 (ADS) (SIL), 2016 U.S. Dist. LEXIS 21209, at *4 (E.D.N.Y. Feb. 22, 2016), *Aetna Life Ins. Co. v. Licht,* No. 03-cv-06764 (PKL), 2005 U.S. Dist. LEXIS 1119, at *2 (S.D.N.Y. Jan. 27, 2005), *Hynes v. Kirkpatrick,* No. 05-cv-00380 (FJS) (GHL), at *4–5 (N.D.N.Y. Mar. 21,

2007), *Peyser v. Kirshbaum,* No. 12-cv-02857 (KBF), 2012 U.S. Dist. LEXIS 176873, at *3–4 (S.D.N.Y. Dec. 11, 2012). (ECF No. 86).

However, the quotes in Plaintiffs' motion to compel are about motions to compel discovery in the first three cases cited and a motion to compel arbitration and supporting factual materials in the fourth case cited. (ECF No. 86). None of these cases have anything to do with motion to compel a party's residence and domicile for service of process. It is undisputed that service of process and discovery are different phases in federal civil procedure. Therefore, the cited cases in Plaintiffs' motion to compel Defendants' residences and domiciles for service of process cannot provide any legal support for the Court to grant the motion.

**3.   THE MOTION TO EXTEND TIME TO SERVE SHOULD NOT BE GRANTED BECAUSE PLAINTIFFS HAVE NOT DILIGENTLY SERVED DEFENDANTS AT ACTUAL PLACE OF BUSINESS BEFORE COVID-19**

In the Order of May 4, 2020, the Court noted "dismissal is not required if Plaintiffs can show 'good cause' why service was not made." (ECF No. 80). (quoting Fed. R. Civ. P. 4(m)). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *National Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 U.S. Dist. LEXIS 11934, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

In Footnote 1 of Plaintiffs' motion for an extension to July 31, 2020 of time to serve, Plaintiffs concede that "Chenwen Ho named the Hudson Club at 21 South End Avenue, New York, NY 10280 as his actual place of business in May 2018. See Dkt. No. 67-1 ¶ 7." (ECF No. 86). However, Plaintiffs had never attempted to serve Defendants with process at the actual place

of business in the two months from January 13, 2020 to March 13, 2020, when Mayor de Blasio issued a state of emergency for COVID-19[2] and the Hudson Club was presumably closed due to COVID-19 (ECF No. 86). Their only reason for failure to serve process at Defendants' actual place of business is that "the Hudson Club has been, is, and as a service business will until the implementation of Phase 3 reopening in Manhattan remain closed due to COVID-19". (ECF No. 86). Apparently, Plaintiffs have not diligently attempted to complete service even if they had two months before the outbreak of COVID-19.

"Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process.")

In this case, since Plaintiffs have not diligently attempted to complete service, Defendants' actual notice of suit cannot cure Plaintiffs' failure to comply with the statutory requirements for serving process. Therefore, the Court should not have granted Plaintiffs' motion for an extension of time to serve.

## **CONCLUSION**

Based on the foregoing, this Court should reconsider the order granting the motions to compel Defendants to provide their residences and domiciles to serve them with process

---

[2] The Official Website of the City of New York, *Mayor de Blasio Issues State of Emergency,* (March 13, 2020), https://www1.nyc.gov/office-of-the-mayor/news/138-20/mayor-de-blasio-issues-state-emergency.

7

pursuant to Local Civil Rule 26.1 and for an extension of time to July 31, 2020 to serve Defendants.

Dated: July 1, 2020
      Flushing, NY

                                      _____/s/Jim Li_____
                                                   Jim Li, Esq.
                                  Jim Li & Associates, P.C.
                              13656 39th Ave, Suite 407
                                      Flushing, NY 11354
                                Telephone: (718) 886-8960
                                        Fax: (718)886-8961