**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TING QIU QIU, JIAN WEI DENG, YU BO SU, ZHAO-
BANG BAI, and SHAOHONG ZENG, *individually and
on behalf of others similarly situated*,

                              Plaintiffs,

                  -against-

SHANGHAI CUISINE, INC. *d/b/a Shanghai Cuisine Bar
& Restaurant*, R & M CENTURY, INC. *d/b/a Shanghai
Cuisine Bar & Restaurant*, JOHN DOE CORPORATION,
JONATHAN HO, NA SUN, JIJIE HONG, WING JING
LAU, JOSEPHINE FENG, and CHENWEN HO,

                              Defendants.

<u>**ORDER**</u>

18 Civ. 5448 (ER)

<u>Ramos, D.J.</u>:

     Before the Court is Defendants Sun and Ho's motion for reconsideration of the Court's June 26, 2020 Order compelling them to provide their residencies and domiciles and granting Plaintiffs an extension of time to serve, brought pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)(1). Doc. 90. For the following reasons, the motion is GRANTED in part and DENIED in part.

## I.    BACKGROUND

     The Court assumes familiarity with the facts in its previous Opinions and Orders in this case, *Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2019 WL 6002371 (S.D.N.Y. Nov. 14, 2019), and *Qui Qui v. Shanghai Cuisine*, No. 18 Civ. 5448 (ER), 2020 WL 2115409 (S.D.N.Y. May 4, 2020). The following facts are only those necessary to resolving the motion at hand.

     Ting Qui Qui, Jian Wei Deng, Yu Bo Su, Zhaobang Bai, and Shaohong Zeng (collectively, "Plaintiffs") brought this putative collective action on behalf of themselves and all similarly situated employees against Shanghai Cuisine, Inc. d/b/a Shanghai

Cuisine Bar & Restaurant, R & M Century, Inc. d/b/a Shanghai Cuisine Bar & Restaurant, John Doe Corporation, Jonathan Ho, Na Sun, Jijie Hong, Wing Jing Lau, Josephine Feng, and Chenwen Ho (collectively, "Defendants"), alleging unpaid wages and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Doc. 5.  Plaintiffs also allege violations of New York Labor Law ("NYLL").  *Id.*  On February 13, 2020, the Court entered default judgment against Defendants Shanghai Cuisine, Inc., R & M Century, Inc., Jijie Hong, Wing Jing Lau, and Josephine Feng.  Doc. 78.  Accordingly, at that time, only Defendants John Doe Corporation, Na Sun, and Jonathan Ho, a/k/a Chenwen Ho, remained in the action.

On January 13, 2020, Defendants Sun and Ho moved to dismiss for insufficient service of process.  Doc. 66.[1]  They argued that service at Shanghai Cuisine was improper because, in part, Shanghai Cuisine was not their actual place of business.  According to Ho, his actual place of business was the Hudson Club, located in Manhattan.  On January 14, 2020, while Sun and Ho's motion was pending, Plaintiffs served Sun and Ho with a demand to disclose their residencies and domiciles pursuant to Local Civil Rule 26.1.  At a conference held on February 14, 2020, the Court stayed discovery, including Plaintiffs' Rule 26.1 requests, pending resolution of Sun and Ho's motion to dismiss.  Minute Entry for Feb. 14, 2020.

In mid-March, Mayor de Blasio issued a state of emergency in New York City due to the COVID-19 pandemic.  Many businesses, including presumably the Hudson Club, were forced to close as the City shut down.  According to Plaintiffs, "the Hudson Club has been, is, and as a service business will until the implementation of Phase 3 reopening in Manhattan remain closed due to COVID-19."  Doc. 86 at 1 n.1.

---

[1] In their opposition, Plaintiffs cross-moved to amend their complaint pursuant to Rule 15(a), having only learned through Sun and Ho's briefing that John Doe Corporation was United Restaurant Group, Inc.  Doc. 77.

On May 4, the Court denied Sun and Ho's motion to dismiss, and granted Plaintiffs' motion to amend, directing them to serve Sun and Ho by June 4.  Doc. 80. Between May 29 and June 2, Plaintiffs emailed counsel for Sun and Ho four times, urging that they respond to their Local Rule 26.1 inquiries and proposing that counsel accept service on behalf of their clients.  Doc. 91, Ex. B.  Defense counsel maintains that they did not respond to these inquiries because their offices were closed due to the COVID-19 pandemic.  However, on June 2, 2020, defense counsel's office did respond to Plaintiffs' emails, refusing to either accept service on Sun and Ho's behalf or to provide their residential addresses so that they might be served.  *Id.* at 1.

On June 3, 2020, Plaintiffs wrote the Court to request a one-month extension of time to serve Sun and Ho and requested that the Court compel Sun and Ho to produce their residential information pursuant to Local Civil Rule 26.1.  Doc. 81.  On June 4, the Court directed Sun and Ho to respond by June 8, 2020.  Doc. 82.  They failed to do so. Defense counsel again claims that this was because his office was not reopened until June 26, 2020.  Doc. 90 at 2-3.  However, as Plaintiffs point out and Sun and Ho do not dispute, defense counsel's office was able to file at least two cases during the time its offices were supposedly closed.  *See Yang v. Cuccinelli*, No. 20 Civ. 2532 (E.D.N.Y. June 5, 2020); *Xu et al. v. Cuccinelli*, No. 20 Civ. 2607 (E.D.N.Y. June 11, 2020).  On June 24, 2020, Plaintiffs again wrote the Court to request an order compelling Sun and Ho to provide their residences and domiciles pursuant to Local Civil Rule 26.1, and for an extension of time to serve Sun and Ho.  Doc. 86.  Their previous motion having been unopposed, the Court granted these requests.  Doc. 88.

Sun and Ho filed the instant motion for reconsideration of the June Order on July 1, 2020, pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)(1). Doc. 90.  Plaintiffs filed their opposition on July 3, 2020, Doc. 91, and Sun and Ho filed their reply on July 6, 2020, Doc. 94.

## II.     LEGAL STANDARD

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also S.D.N.Y. Local Civ. R. 6.3.  Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Similarly, the Second Circuit has instructed that Rule 60(b) provides "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).  In pertinent part, Federal Rule of Civil Procedure 60(b) provides for reconsideration of an order if there

has been "mistake, inadvertence, surprise, or excusable neglect," *see* Fed. R. Civ. P. 60(b)(1). "Though Rule 60(b)(1) may provide relief from judicial mistake, it should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Serrano v. Smith*, No. 05 Civ. 1849 (KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (internal quotation marks and citations omitted).

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## III. DISCUSSION

Sun and Ho do not contest that they have yet to respond to Plaintiffs' Local Rule 26.1 requests. Rather, they argue that because Plaintiffs intend to use this information for the purpose of serving them with process, rather than for jurisdictional purposes, "there are no legal grounds or precedents for the Court to grant the Plaintiffs' motion to compel." Doc. 90 at 5. They further argue that the Court should not have granted Plaintiffs an extension of time to serve because Plaintiffs failed to serve them at their actual place of business before mid-March, when service businesses were required to closed due to the COVID-19 pandemic.

As an initial matter, the Court admonishes Sun and Ho for their failure to respond to Plaintiffs' initial motion, as per the Court's June 4, 2020 Order. Doc. 82. Although they purport that their office was closed during this time-period, this does not excuse their obligation to monitor their dockets. Furthermore, counsel for Sun and Ho clearly had

access to email during this time period, as evidenced by the June 2, 2020 email declining to accept service on their behalf.  Doc. 91, Ex. B at 1.  And, as Plaintiffs have pointed out—and Sun and Ho do not contest—defense counsel's office has managed to file two cases during the time their office was supposedly closed.  *See Yang v. Cuccinelli*, No. 20 Civ. 2532 (E.D.N.Y. June 5, 2020); *Xu et al. v. Cuccinelli*, No. 20 Civ. 2607 (E.D.N.Y. June 11, 2020).  Plaintiffs argue that the Court should sanction defense counsel for this behavior.  Doc. 91 at 6–8.  Defense counsel's apparent misrepresentations to the Court are greatly concerning.  While the pandemic has imposed a great burden on our economy, many sectors, including the legal profession, have had the good fortune to continue their operations by having employees work from home.  Defense counsel surely had that ability.  He cannot therefore choose which Court orders he will respond to and which he will ignore, and then blame the pandemic.  Accordingly, the Court orders counsel for Sun and Ho to show cause on July 31, 2020 and 11:00 AM why he should not be sanctioned for his representations that he was unable to respond to the Court's June 4 order because his offices were closed.

However, Sun and Ho's argument that the Court's June 26, 2020 Order inappropriately turns Local Rule 26.1 into a tool for obtaining prelitigation discovery is meritorious.  Sun and Ho have vociferously contested personal jurisdiction and proper service in this Court, and there is no reason to assume that they have waived these defenses now.  "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."  *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) (internal quotation marks and citations omitted).  Like most Federal Rules of Civil Procedure, Rule 26—and by extension Local Rule 26.1—"only applies when there is a lawsuit pending between parties."  *Wetzelberger v. M & T Bank Corp.*, No. 12 Civ. 3685 (BMC), 2012 WL

4328398, at *2 (E.D.N.Y. Sept. 20, 2012) (applying this axiom to Federal Rule of Civil Procedure 34); *see also ACE Am. Ins. Co. v. Keiicmiro*, No. 08 Civ. 476 (PHX) (MHM), 2008 WL 2264241, at *1 (D. Ariz. May 30, 2008) ("The Court is unaware of any authority that would permit it to order prelitigation discovery other than in relation to issues of jurisdiction and venue, including jurisdiction over the person and the legal sufficiency of service of process."). Because Defendants have not yet been served, there is no such proceeding here. It would be clear error to find otherwise. The Court therefore grants Defendants' motion for reconsideration of the motion to compel compliance with Plaintiffs' Local Rule 26.1 requests.

Sun and Ho's arguments with regards to the Court's decision to grant Plaintiffs an extension of time to effectuate service are less convincing. Essentially, Sun and Ho argue that because Plaintiffs failed to serve them at their place of business before the Hudson Club temporarily closed due to the COVID-19 pandemic, there can be no good cause for further extensions of time to serve.[2] However, in its May 4, 2020 Opinion and Order, the Court implicitly rejected this argument when it found that good cause existed to extend Plaintiffs' time to serve until June 4, 2020.[3] Defendants do not challenge that Opinion and Order—indeed, any motion to reconsider that Opinion and Order would be considered untimely at this juncture. Defendants have therefore pointed the Court to no new evidence or caselaw that granting Plaintiffs an extension of time to serve was inappropriate. Indeed, as it appears that Sun and Ho have made it very difficult for Plaintiffs to serve them anywhere *other* than their place of business, the Court anticipates that Plaintiffs may well need further extensions of time to serve if the Hudson Club is not

---

[2] Although only Ho admits to having worked at the Hudson Club, Defendants' briefing argues that both Sun and Ho may be served here. *See* Doc. 94 at 6–7.

[3] Moreover, it would be unreasonable to have expected Plaintiffs to predict the coronavirus pandemic, as well as Sun and Ho's sheer refusal to accept alternate modes of service when the pandemic did reach New York City.

able to reopen soon.[4]  As such, the Court denies Sun and Ho's motion to reconsider this portion of its June 26, 2020 Order.

## IV.    CONCLUSION

For the foregoing reasons, Sun and Ho's motion for reconsideration is GRANTED in part and DENIED in part.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 90.  A Show Cause hearing will be held on July 31, 2020 at 11:00 AM.  At that time, counsel for Sun and Ho is directed to show cause why he should not be sanctioned for his representations that he could not respond to the Court's June 4, 2020 order because his offices were closed.  The hearing will be held via teleconference.  The parties are directed to call (877) 411-9748; access code 3029857.

SO ORDERED.

Dated:    July 13, 2020
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.

---

[4] However, the Court also encourages Plaintiffs to look for other ways of obtaining the information they need so as to promptly serve Sun and Ho.