UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TING QIU QIU, JIAN WEI DENG,
YU BO SU, ZHAOBANG BAI, *and*
SHAOHONG ZENG, *individually and
on behalf of others similarly situated*,

               Plaintiffs,

– against –

SHANGHAI CUISINE, INC., *d/b/a
Shanghai Cuisine Bar & Restaurant*,
R & M CENTURY, INC., *d/b/a
Shanghai Cuisine Bar & Restaurant*,
UNITED RESTAURANT GROUP,
INC., *d/b/a Shanghai Cuisine Bar &
Restaurant*, CHENWEN HO, *a/k/a
Jonathan Ho*, NA SUN, JIJIE HONG,
WING JING LAU, *and* JOSEPHINE
FENG,

               Defendants.

**OPINION & ORDER**

18 Civ. 5448 (ER)

---

RAMOS, D.J.:

      Before the Court are two motions to dismiss, each filed by Defendants Sun and Ho together, based on insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). Docs. 105 and 120. For the reasons set forth below, the motions are DENIED.

**I.    BACKGROUND**

      The Court assumes familiarity with the facts presented in its previous opinions and orders in this case, namely, *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2019 WL 6002371 (S.D.N.Y. Nov. 14, 2019), *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2020 WL 2115409 (S.D.N.Y. May 4, 2020), and *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER) (S.D.N.Y. July 13, 2020), Doc. 96. The following facts are only those necessary to resolving the instant motion.

Ting Qiu Qiu, Jian Wei Deng, Yu Bo Su, Zhaobang Bai, and Shaohong Zeng brought this putative collective action on behalf of themselves and all similarly situated employees against Shanghai Cuisine, Inc., d/b/a Shanghai Cuisine Bar & Restaurant, R & M Century, Inc., d/b/a Shanghai Cuisine Bar & Restaurant, John Doe Corporation, Jonathan Ho, Na Sun, Jijie Hong, Wing Jing Lau, Josephine Feng, and Chenwen Ho alleging unpaid wages and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Doc. 5.  Plaintiffs' wage claims arise from their employment at Shanghai Cuisine Bar & Restaurant ("Shanghai Cuisine"), which is located in Manhattan at 89-91 Bayard Street.  Doc. 84 ¶ 7.  Jian worked there beginning in 2014, Ting and Yu worked there beginning in 2016, and Zhaobang and Shaohong worked there beginning in 2017.  *Id.* ¶¶ 51, 63, 75, 86, 98.  Plaintiffs' employment at Shanghai Cuisine ended in April 2018.  *Id.* ¶¶ 7–10, 98.

Plaintiffs purportedly served Sun and Ho on August 2, 2018 at Shanghai Cuisine by leaving process with a manager and mailing the process to the restaurant the day after.  Docs. 17, 18, and 22.  On January 13, 2020, Sun and Ho filed a motion to dismiss the case for insufficient service, arguing that service was improper because Shanghai Cuisine was not their actual place of business.  Doc. 66.  Plaintiffs' opposition brief pointed to, *inter alia*, Sun and Ho's seats on the board of and ownership of stocks in the parent company of the parent company of R&M Century Inc., which operated Shanghai Cuisine, and the fact that Ho remained the liquor license principal at R&M Century Inc.  Doc. 77 at 10–13.

While the Court considered the motion to dismiss, a pre-motion conference was held on February 14, 2020, at which the Court (1) stayed discovery pending a decision on the motion and (2) tolled Plaintiffs' statute of limitations on the claims.  On May 4, 2020, the Court issued its decision and denied the motion to dismiss but quashed service.  Doc. 80.  While the Court did not find that the evidence conclusively established Shanghai Cuisine was Sun and Ho's actual place of business at the time of service, dismissal was

2

not warranted due to the justifiable confusion surrounding Sun and Ho's remaining connections to the restaurant. *Id.* at 8. The Court also ended the tolling period that had begun on February 14. *Id.* at 8–9.

On June 3, 2020, Plaintiffs wrote to the Court requesting a one-month extension of time for service and that the Court compel Sun and Ho to provide their residences and domiciles pursuant to Local Civil Rule 26.1. Doc. 81. On June 4, 2020, the Court directed Sun and Ho to respond by June 8, 2020. Doc. 82. They failed to do so. Plaintiffs then filed an amended complaint on June 11, 2020. Doc. 84. On June 24, 2020, Plaintiffs again requested that Sun and Ho be compelled to produce their residences and domiciles, Doc. 86, and the Court granted this unopposed request, Doc. 88. The Court also granted an extension of time to serve until July 31, 2020. *Id.* at 1. On July 1, 2020, Sun and Ho filed a motion for reconsideration of those decisions, arguing that disclosures under Local Civil Rule 26.1 may be compelled to resolve issues of jurisdiction, not to assist with service of process. Doc. 90 at 4–5. The Court granted the motion for reconsideration on July 13, 2020 as to the request to compel but denied the motion as to the Court's extension of time to serve. Doc. 96. The Court also admonished Sun and Ho for their failure to respond to Plaintiffs' motion to compel as ordered. *Id.* at 5–6.

On July 31, 2020, Plaintiffs filed a "Final Request to Extend Time to Complete Service," requesting that the Court extend the service deadline again to August 21, 2020. Doc. 100. They cited unsuccessful attempts to obtain Sun and Ho's current address from their counsel and the fact that Sun and Ho's actual place of business was closed due to the COVID-19 pandemic. *Id.* at 2. In an order issued August 3, 2020 ("August 3 Order"), the Court granted Plaintiffs' request to extend the service deadline but stated, "If Plaintiffs wish to use alternate means of service, they must first petition the Court to do so and make the appropriate showing that such an application is appropriate." Doc. 102 at 2.

On August 11, 2020, Plaintiffs filed affidavits of service with the Court. In those affidavits, Plaintiffs purport to have served Sun and Ho on August 8, 2020 at the house

3

located at 875 Johnston Drive, Watchung, New Jersey 07069 (the "New Jersey Address") by affixing process to the front door and mailing the process to this address. Docs. 103 and 104. The affidavits also indicate that the process server believed this house was Sun and Ho's actual dwelling place or usual place of abode. Doc. 103 ¶ 1; Doc. 104 ¶ 1. However, Plaintiffs did not seek permission from the Court to attempt alternative service. On August 22, 2020, after expiration of the service deadline, Sun and Ho filed a motion to dismiss based on insufficient service. Doc. 105.

On September 21, 2020, Plaintiffs attempted to serve Sun and Ho again, this time at 80 Varick Street, Apartment 4B, New York, New York 10013 (the "New York Address") by affixing process to the front door and mailing the process to this address. Doc. 118. Again, Plaintiffs neither requested permission to attempt alternative service nor requested an extension after the service deadline passed. On September 29, 2020, Sun and Ho filed a letter motion repeating their request for dismissal and urging the Court to disregard the service attempt at the New York Address. Doc. 120.

## II. LEGAL STANDARD

Under Rule 12(b)(5), a case may be dismissed upon a finding that defendants have not been adequately served with process. *See* Fed. R. Civ. P. 12(b)(5). In deciding a Rule 12(b)(5) motion, the Court "must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). If a defendant challenges service, the plaintiff bears the burden of proof to establish its adequacy. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *see also DeLuca*, 695 F. Supp. 2d at 64 (same). A court may look to materials outside the complaint to determine the sufficiency of process and whether it has jurisdiction. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Upon a finding that service has not been completed or is otherwise insufficient, courts have discretion to dismiss the case or simply quash the faulty service. *Hilaturas Miel, S.L. v. Republic of*

*Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008) (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)).

### III. DISCUSSION

Sun and Ho seek to dismiss this case under Rule 12(b)(5) because more than 90 days have passed since the filing of this case and they believe they have not yet been properly served. Plaintiffs argue that they made proper service on August 8, 2020 and September 21, 2020, and alternatively request that if both of these service attempts are deemed improper, the Court should exercise its discretion and grant Plaintiffs additional time to serve.[1]

#### A. Service Attempts in New Jersey

The impetus for filing the initial motion to dismiss on August 22, 2020 was Plaintiffs' purported service at the New Jersey Address. Under Federal Rule of Civil Procedure 4(e)(1), a party may serve process within the United States by following the service procedures allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Under New York state law, a party may, after due diligence, effectuate service

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within [New York][2] of the person to be served and by either mailing the summons to such person at his or her last known residence or . . . at his or her actual place of business.

---

[1] The Court notes that Plaintiffs repeatedly failed to request or obtain approval for nail-and-mail alternative service prior to attempting it, despite the August 3 Order's requirement to do so. *See* Doc. 102 at 2. Plaintiffs have given no explanation for why they failed to request leave to use this alternative means of service. As seen *infra* Part III.A, Plaintiffs could have benefitted from the Court's scrutiny of this method of service at the New Jersey Address. Plaintiffs' noncompliance with the August 3 Order is concerning, and the Court reminds Plaintiffs to comply with all requirements set forth in its orders.

[2] Under N.Y. Civil Practice Law & Rules ("CPLR") § 313, persons subject to the state's jurisdiction may be served outside the state in the same manner as persons within the state. Taking Plaintiffs' allegations as true for purposes of the motions to dismiss, Sun and Ho's actions in New York while working at Shanghai Cuisine would subject them to New York's jurisdiction. *See* Doc. 84 ¶ 6. Further, Sun and Ho do not contest that service under CPLR § 308(4) could be accomplished in New Jersey.

5

CPLR § 308(4). Under this so-called "nail-and-mail" method of service, while the process may be mailed to the defendant's last known residence, it must be affixed to the "actual place of business, dwelling place or usual place of abode." *Tokio Marine and Nichido Fire Ins. v. Canter*, No. 07 Civ. 5599 (PKL), 2009 WL 2461048, at *9 (S.D.N.Y. Aug. 11, 2009). The latter set of terms is not equated with "last known residence." *Id.* Rather, for a location to qualify as either a dwelling or usual place of abode, it must contain sufficient indicia of permanence. *Jianjun Chen v. WMK 89th Street LLC*, No. 16 Civ. 5735 (GHW), 2020 WL 2571010, at *8 (S.D.N.Y. May 20, 2020) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991)). Indicia of permanence include maintaining a living space, listing the address on one's driver's license, or otherwise holding the location out as one's address. *Id.* (surveying cases).

Plaintiffs argue that they properly effectuated "nail-and-mail" service pursuant to New York state law. Specifically, Plaintiffs claim that they affixed and mailed the process to the New Jersey Address, which they claim is Sun and Ho's usual place of abode. Plaintiffs point to purported indicia of permanence such as a deed from another property that lists their address as 875 Johnston Drive, mail found at the front door of the house, and a car parked in front of the house. Doc. 109-1; Doc. 109-2; Doc. 110 at 7–8. Sun and Ho argue that this property was not their usual place of abode at the time of service and that the facts presented by Plaintiffs do not constitute sufficient indicia of permanence at the property. They also note that they apprised the Court and Plaintiffs as early as January 2020 that they lived in New York. *See* Doc. 67-1; Doc. 67-2.

Plaintiffs have not met their burden of establishing that the New Jersey Address was Sun and Ho's usual place of abode. *See DeLuca*, 695 F. Supp. 2d at 64. First, the deed does not list this address as Sun and Ho's current residence or home; rather, it simply says "Jonathan Ho and Na Sun h/w, *whose address is* 875 Johnston Drive, Watchung, NJ 07069." Doc. 109-1 at 2 (emphasis added). Sun and Ho argue that they have title to the New Jersey property and used the address only for convenience without

residing therein. Doc. 111 at 5. While listing an address on a document may indicate residence, courts make this inference primarily when the document is of a personal nature—such as a driver's license, bank account, or phonebook listing—not just when the address is listed in a business transaction. *See Polygram Merch., Inc. v. N.Y. Wholesale Co.*, No. 97 Civ. 6489 (HB), 2000 WL 23287, at *3 (S.D.N.Y. Jan. 13, 2000) (discussing "badges of permanence" such as driver's license, vehicle registration, and bank account), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Howard Johnson Int'l, Inc. v. Wang*, 7 F. Supp. 2d 336, 339–40 (S.D.N.Y. 1998) (discussing the presence of an address in two annual phonebooks and other testimonial evidence, though the court acknowledged that the address was also listed on a licensing agreement), *aff'd*, 181 F.3d 82 (2d Cir. 1999). Second, the Court does not find that the presence of a few articles of mail addressed to Sun and Ho suggests permanence at the property. Plaintiffs argue that they found one package at the front door that appeared to originate in China, Doc. 110 at 8, but this is not evidence that Sun and Ho actually resided at the property. Similarly, Plaintiffs' belief that the car parked in front of the house belonged to a courier delivering a package from China sheds little light on whether Sun and Ho maintain the house as a permanent residence. In any case, this belief is contradicted by testimony from Ho's nephew that he parked the car (whose registration had expired) in that location solely for security reasons. Doc. 111-3.

Thus, because it has not been established that the New Jersey Address was Sun and Ho's usual place of abode, service was not properly rendered.

### B. Service Attempts in New York

Plaintiffs also attempted nail-and-mail service at the New York Address, though that attempt occurred after the Court's service deadline of August 21, 2020 and without the Court's approval of this method of service. *See* Doc. 102 at 2.

Nevertheless, there are sufficient indicia of permanence to consider the New York Address as Sun and Ho's usual place of abode. In connection with their initial motion to

dismiss, Doc. 105, Sun and Ho presented several documents partially revealing this address (the Varick street name is shown but the apartment number is redacted), including: (1) lease payments, (2) utility bills, (3) bank statements, (4) school tuition bills, and (5) a New York tax document. Docs. 106-5, 106-6, 106-7, 106-8, 106-9, and 106-10. Despite the redactions, Plaintiffs have provided photo evidence from their service attempts that establish 80 Varick Street, Apartment 4B, as the correct address. *See* Doc. 114-2 (package from the same school as in Doc. 106-8); Doc. 114-5 (mailbox with Ho's name and apartment number written below). Additionally, Sun and Ho have all but admitted that they reside at the New York Address. *See* Doc. 124 at 5 ("[I]f Plaintiffs had served Defendants Ho and Sun at their New York address at the same time as the invalid service at their New Jersey address before the deadline of service, August 21, 2020, there would not be any problem . . . .").

Sun and Ho also argue that the affidavits of service regarding the New York Address are improper because they were signed by employees of Plaintiffs' counsel and notarized by Plaintiffs' counsel. This argument is unavailing. New York law specifically authorizes attorneys who are also notaries public to notarize documents for their clients in any proceeding or matter, N.Y. Exec. Law § 135, despite the general rule that notaries may not take affidavits in matters in which they have a financial interest, *id.* § 138. By extension, attorneys may also notarize affidavits of service from process servers who are not alleged to be parties to the litigation, such as the individual who executed service at the New York Address. *See Kimbrough v. Town of Dewitt Police Dep't*, No. 08 Civ. 03 (GLS) (RFT), 2010 WL 3724121, at *4 (N.D.N.Y. Mar. 8, 2010) (accepting affidavit of service notarized by attorney for the party whose process server delivered motion papers), *report and recommendation adopted by* No. 08 Civ. 03 (GLS) (RFT), 2010 WL 3724017 (N.D.N.Y. Sept. 15, 2010).

Thus, the Court concludes that the New York Address is Sun and Ho's usual place of abode and that service attempted at this location conformed to the requirements of CPLR § 308(4) and, therefore, Rule 4(e)(1).

### C. Acceptance of Late Service

Rule 4(m) requires timely service of process within 90 days after filing of the case. Fed. R. Civ. P. 4(m). If service is not completed within this timeframe, dismissal is required absent a showing of good cause; if good cause is shown, the court must extend the service deadline. *DeLuca*, 695 F. Supp. 2d at 66 (citing Fed. R. Civ. P. 4(m)). Even in the absence of good cause, courts may extend the time for service in their discretion. *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 658 n.5, 662–63 (1996)).

Nail-and-mail service at the New York Address was made after the Court's service deadline and without the Court's permission. Plaintiffs, however, request that the Court accept this service retroactively. Such requests for *nunc pro tunc* extension of service deadlines and acceptance of late service are subject to the same Rule 4(m) standard as other requests to extend a service deadline: the Court *must* extend the time to serve if plaintiff has shown good cause for the delay and it *may* extend that time at its discretion even in the absence of good cause. *See id.* at 66–67 (applying discretion factors to plaintiff's request for *nunc pro tunc* acceptance of late service). As such, a court may, in its discretion, extend a service deadline *nunc pro tunc*. *See id.* Here, the Court need not determine whether Plaintiffs satisfy the standard for good cause because, even absent such cause, the Court would use its discretion under Rule 4(m) to extend Plaintiffs' time to serve Sun and Ho. *See id.*

To determine whether a discretionary extension is appropriate in the absence of good cause, a court considers the following factors: (1) whether the action would be barred by applicable statutes of limitations if dismissed, (2) defendant's actual notice of the suit, (3) any attempts by defendant to conceal defects in service, and (4) balancing any other prejudice to the parties. *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d

9

428, 433, 435 (S.D.N.Y. 2016) (citing *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order)); *see also DeLuca*, 695 F. Supp. 2d at 66. All four factors weigh in favor of accepting Plaintiffs' service at the New York Address.

   *1. Statute of Limitations*

   Plaintiffs assert wage claims under various sections of the FLSA and NYLL. An FLSA claim is subject to a two-year statute of limitations unless the cause of action arose out of a "willfull violation," in which case a three-year statute of limitations applies. *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014) (citing 29 U.S.C. § 255(a)). Each wrongful paycheck is a discrete cause of action for purposes of the FLSA. *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015); *see also Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 322 (S.D.N.Y. 2001) (same). By contrast, "[t]he statute of limitations under the NYLL is six years with no showing of willfulness required." *Jian F. He v. Home on 8th Corp.*, No. 09 Civ. 5630 (GBD), 2014 WL 3974670, at *6 (S.D.N.Y. Aug. 13, 2014) (citing NYLL §§ 198(3), 663(3)).

   Taking Plaintiffs' allegations of willful violations of the FLSA as true for purposes of the motion to dismiss, many of Plaintiffs' wage claims would be outside the applicable statutes of limitations. Even when the tolling discussed above, which lasted 81 days, is taken into account, FLSA claims for wages earned prior to late October 2017 would be outside the three-year statute of limitations. All Plaintiffs would lose at least some of their claims: Shaohong and Zhaobang allege they began working at Shanghai Cuisine in June and August 2017, respectively; Ting and Yu allege they began working there in 2016; and Jian alleges he began working there in April 2014. Doc. 84 ¶¶ 51, 63, 75, 86, 98. Further, Jian's NYLL claims for wages earned prior to late October 2014 would be outside the six-year statute of limitations. *Id.* ¶ 63. Because the statute of limitations would bar most of Plaintiffs' FLSA claims and some of their NYLL claims, this factor weighs in Plaintiffs' favor.

*2. Actual Notice*

The Court finds that Sun and Ho received actual notice of this suit given (1) their significant motion practice since at least January 2020 and (2) the service rendered at the New York Address.  Notably, Sun and Ho have filed four motions in this case, three of which have been for dismissal due to insufficient service, Docs. 66, 105, 120, and one that requested reconsideration of the Court's June 26, 2020 Order, Doc. 90.  Thus, this factor also weighs in favor of Plaintiffs.

*3. Attempts to Conceal Defects in Service*

The Court finds that this factor also weighs in favor of accepting service in New York because Sun and Ho waited until the expiration of the last service deadline to file their motion to dismiss.  Plaintiffs executed nail-and-mail service at the New Jersey Address on August 8, 2020 after two attempts at that location and filed the corresponding affidavits of service on August 11, 2020—several days prior to the August 21, 2020 service deadline.  *See* Docs. 103 and 104.  But Sun and Ho waited until August 22, 2020 to file their motion to dismiss based on insufficient service.  Doc. 105.  While delay in filing such a motion is generally not considered an attempt to conceal, *see George*, 221 F. Supp. 3d at 436–37, courts may take the delay into account when the motion is filed after expiration of an applicable statute of limitations, *Zankel v. United States*, 921 F.2d 432, 437 (2d Cir. 1990).  Even in August 2020, many of Plaintiffs' claims would have been barred by the statutes of limitation under the FLSA and NYLL if the case were dismissed due to expiration of the service deadline.  *See supra* Part III.C.1.  Further, it was not unreasonable for Plaintiffs to believe they had effected proper service at the New Jersey Address given the mail and car present at the location, *see* Docs. 122-1 and 122-2, and Plaintiffs could have requested an extension of the service deadline prior to its expiration if they had been made aware of the service defect sooner.  Sun and Ho's delay in bringing this defect to light counsels in favor of accepting the late service.

11

### *4. Balancing of Other Prejudice*

Other prejudice to the parties must also be considered, bearing in mind the longstanding "preference that litigation disputes be resolved on the merits." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *accord George*, 221 F. Supp. 3d at 437. Sun and Ho have not specifically claimed prejudice arising from Plaintiffs' failure to effect service, but the Court recognizes that a defendant inherently suffers some level of prejudice when an otherwise fatal deadline is extended for a plaintiff. *See Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (recognizing "the possibility of prejudice insofar as extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants" (internal quotation marks omitted)). However, as noted above, Sun and Ho have long had actual notice of this suit and have now been served at their usual place of abode in New York.

On the other hand, Plaintiffs will be prejudiced by dismissal of a suit in which they have diligently attempted service at three separate locations they reasonably believed were either Defendants' principal place of business or their abode: (1) the restaurant where Plaintiffs' claims arose and Sun and Ho were believed to still work, (2) the New Jersey property to which Sun and Ho have title and at which they still receive some mail, and (3) their usual place of abode in New York. The Court is also mindful of the ongoing COVID-19 pandemic and that requiring additional service attempts despite actual notice could put Plaintiffs' process servers at unnecessary risk of contracting coronavirus.

Weighing all the factors above, the Court exercises its discretion to extend the August 21, 2020 service deadline and accept Plaintiffs' nail-and-mail service at the New York Address *nunc pro tunc*.

### IV.   CONCLUSION

For the foregoing reasons, Sun and Ho's motions to dismiss for insufficient service are DENIED. Sun and Ho must file their answers or otherwise respond to the

amended complaint by February 9, 2021. The Clerk of the Court is respectfully directed to terminate the motions, Doc. 105 and 120.

It is SO ORDERED.

Dated:  January 19, 2021
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.