UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TING QIU QIU, JIAN WEI DENG,
YU BO SU, ZHAOBANG BAI, *and*
SHAOHONG ZENG, *individually and
on behalf of others similarly situated*,

      Plaintiffs,

– against –

SHANGHAI CUISINE, INC., *d/b/a
Shanghai Cuisine Bar & Restaurant*,
R & M CENTURY, INC., *d/b/a
Shanghai Cuisine Bar & Restaurant*,
UNITED RESTAURANT GROUP,
INC., *d/b/a Shanghai Cuisine Bar &
Restaurant*, CHENWEN HO, *a/k/a
Jonathan Ho*, NA SUN, JIJIE HONG,
WING JING LAU, *and* JOSEPHINE
FENG,

      Defendants.

**OPINION & ORDER**

18 Civ. 5448 (ER)

---

RAMOS, D.J.:

  Pending before the Court is a motion for sanctions pursuant to Federal Rule of Civil Procedure Rule 11 filed by Defendants Chenwen Ho and Na Sun.  Doc. 107.  For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

  The Court assumes familiarity with the facts presented in its previous opinions and orders in this case.  *See Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2019 WL 6002371 (S.D.N.Y. Nov. 14, 2019); *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2020 WL 2115409 (S.D.N.Y. May 4, 2020); *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER) (S.D.N.Y. July 13, 2020), Doc. 96; *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2021 WL 185040 (S.D.N.Y. Jan. 19, 2021).  The following facts are only those necessary to resolving the instant motion.

Ting Qiu Qiu, Jian Wei Deng, Yu Bo Su, Zhaobang Bai, and Shaohong Zeng brought this putative collective action on behalf of themselves and all similarly situated employees against Shanghai Cuisine, Inc., d/b/a Shanghai Cuisine Bar & Restaurant, R & M Century, Inc., d/b/a Shanghai Cuisine Bar & Restaurant, John Doe Corporation, Na Sun, Jijie Hong, Wing Jing Lau, Josephine Feng, and Chenwen Ho alleging unpaid wages and failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Doc. 5.  Plaintiffs' wage claims arise from their employment at Shanghai Cuisine Bar & Restaurant ("Shanghai Cuisine"), which is located in Manhattan at 89-91 Bayard Street.  Doc. 84 ¶ 7.  Deng worked there beginning in 2014, Qiu and Su worked there beginning in 2016, and Bai and Zeng worked there beginning in 2017.  *Id.* ¶¶ 51, 63, 75, 86, 98.  Plaintiffs' employment at Shanghai Cuisine ended in April 2018.  *Id.* ¶¶ 7–10, 98.

Plaintiffs purportedly served Ho and Sun on August 2, 2018 at Shanghai Cuisine by leaving process with a manager and mailing the process to the restaurant the day after.  Docs. 17, 18, and 22.  On January 13, 2020, Ho and Sun filed a motion to dismiss the case for insufficient service, arguing that service was improper because Shanghai Cuisine was not their actual place of business.  Docs. 66 and 67.

While the Court considered the motion to dismiss, a pre-motion conference was held on February 14, 2020, at which the Court (1) stayed discovery pending a decision on the motion and (2) tolled Plaintiffs' statute of limitations on the claims.  On May 4, 2020, the Court issued its decision and denied the motion to dismiss but quashed service.  Doc. 80.  While the Court did not find that the evidence conclusively established Shanghai Cuisine was Ho and Sun's actual place of business at the time of service, dismissal was not warranted due to the justifiable confusion surrounding Ho and Sun's remaining connections to the restaurant.  *Id.* at 8.  The Court also ended the tolling period that had begun on February 14, 2020.  *Id.* at 8–9.

On June 3, 2020, Plaintiffs wrote to the Court requesting a one-month extension of time for service and that the Court compel Ho and Sun to provide their residences and domiciles pursuant to Local Civil Rule 26.1. Doc. 81. On June 4, 2020, the Court directed Ho and Sun to respond by June 8, 2020. Doc. 82. On June 24, 2020, Plaintiffs again requested that Ho and Sun be compelled to produce their residences and domiciles, Doc. 86, and the Court granted this unopposed request, Doc. 88. The Court also granted an extension of time to serve until July 31, 2020. *Id.*

On July 1, 2020, Ho and Sun filed a motion for reconsideration of those decisions, arguing that disclosures under Local Civil Rule 26.1 may be compelled to resolve issues of jurisdiction, not to assist with service of process. Doc. 90 at 4–6. In their opposition to the motion, Plaintiffs requested, among other things, that the Court sanction Defendants pursuant to Federal Rule of Civil Procedure 37(B)(2)(a) and (B)(2)(c) for their purported failure to disclose an address pursuant to Local Civil Rule 26.1. Doc. 91 at 6–8. On July 13, 2020, the Court granted Plaintiffs' motion for reconsideration as to the request to compel—concluding that Local Civil Rule 26.1 may not be used as a tool for prelitigation discovery—but denied the motion as to the Court's extension of time to serve, and directed counsel for Ho and Sun to show cause on July 31, 2021 why he should not be sanctioned for his representations that he was unable to respond to the Court's June 4, 2020 Order.[1] *See* Doc. 96.

On July 28, 2020, counsel for Ho and Sun sent an email to counsel for Plaintiffs, asserting that counsel for Plaintiffs "erred in applying the rules" in his opposition to Ho and Sun's motion for reconsideration. Doc. 108-1 at 2. In that email, counsel for Ho and Sun stated that, in light of "errors in your previous motions and other communications including emails," he intended to move for sanctions pursuant to Rule 11 and asked if

---

[1] Following further attempts at service by Plaintiffs and further disputes regarding the sufficiency of those attempts at service, the Court concluded on January 19, 2021 that Ho and Sun were properly served in this matter. *See Ting Qiu Qiu*, 2021 WL 185040, at *5–7.

3

counsel for Plaintiffs would correct that opposition and withdraw the request for sanctions pursuant to Rule 37. *Id.* On July 30, 2020, counsel for Plaintiffs responded that the Court had declined Plaintiffs' request for sanctions in its July 13, 2020 Order, meaning that there was nothing to withdraw. *Id.* at 3. Further, counsel for Plaintiffs stated that "[m]aking a legal argument that the judge doesn't buy is not sanctionable under Rule 11." *Id.* On July 30, 2020, counsel for Ho and Sun responded with a letter notifying counsel for Plaintiffs of purported violations of Rule 11, and a copy of his notice of motion for sanctions. *See id.* at 4. That same day, counsel for Plaintiffs responded, again asserting that the request had been decided by the Court and that, because there was no request pending, the request for sanctions was moot. *Id.*

At the show cause hearing on July 31, 2020, the Court declined to impose sanctions on counsel for Ho and Sun. On September 3, 2020, counsel for Ho and Sun filed the instant motion. Doc. 107.

## II.   LEGAL STANDARD

Under Rule 11(b), an attorney presenting papers to the Court certifies, among other things, that she does not present them with an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," without support in existing law, or without evidentiary support. Fed. R. Civ. P. 11(b). In turn, Rule 11(c) authorizes sanctions "after notice and a reasonable opportunity to respond" in response to a party's violation of Rule 11(b). Fed. R. Civ. P. 11(c). When sanctions are requested by a party rather than imposed by the Court on its own, the party must comply with the so-called safe-harbor provision of Rule 11(c)(2): the motion for sanctions, made separately from any other motions, should be sent to the opposing party but not actually filed with the Court if the challenged paper or action is withdrawn or appropriately corrected within 21 days after service of the motion. As the Second Circuit has noted, "[t]he safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). As such, "[a]n

4

informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period." *Id.*

The standard for triggering an award "under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Id.* at 177 (quotation omitted). "With respect to legal contentions, '[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands.'" *Id.* (quoting *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)).

### III.  DISCUSSION

Ho and Sun argue that counsel for Plaintiffs should be sanctioned because he (1) knowingly and continuously misapplied Local Civil Rule 26.1 in an attempt to compel Ho and Sun to produce their residences and domiciles for service of process; (2) improperly filed a motion for Rule 37 sanctions against Ho, Sun, and their counsel in connection with his misapplication of Local Civil Rule 26.1; and (3) failed to respond properly within 21 days after being served with notice of purportedly sanctionable misconduct. Regarding the first two points, Ho and Sun assert that Plaintiffs' misapplication of basic rules—namely, their attempt at applying Local Civil Rule 26.1 and Rule 37 prior to serving Ho and Sun—constituted sanctionable legal error.

The Court need not determine whether Plaintiffs' arguments relating to Local Civil Rule 26.1 and Rule 37 were objectively reasonable, as counsel for Ho and Sun's request for sanctions is untimely. As the Second Circuit has emphasized, the safe harbor provision "functions as a practical time limit, and motions [for sanctions] have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003); *see also SFM Realty Corp. v. Lemanski*, 20 Civ. 209 (KPF), 2021 WL 21987, at *6 n.4 (S.D.N.Y. Jan. 4, 2021) (citing *Rojas v. Theobald*, No. 02 Civ. 3623 (DRH) (MLO), 2007 WL 2455133, at *9

5

(E.D.N.Y. Aug. 23, 2007), *aff'd sub nom. Rojas v. Schkoda*, 319 F. App'x 43 (2d Cir. 2009)). Indeed, "[t]he Advisory Committee on Civil Rules contemplated that Rule 11 motions be deemed untimely if filed too late to permit correction or withdrawal," and the Second Circuit has also emphasized that, "[a]t the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading" or "resolve[d] the offending contention," as otherwise "the purpose of the 'safe harbor' provision would be nullified." *Pennie*, 323 F.3d at 89 & n.2 (quotation omitted).

Here, before Ho and Sun served notice of their Rule 11 motion on Plaintiffs, the Court granted Ho and Sun's motion for reconsideration as to Plaintiffs' motion to compel—thus denying Plaintiffs' request to compel disclosure of Ho and Sun's address pursuant to Local Civil Rule 26.1 and thereby any request for sanctions pursuant to Rule 37 relating to that lack of disclosure. *See* Doc. 96. Thus, as Plaintiffs note, they lacked the ability to withdraw their own motion to compel or their request for sanctions when Ho and Sun served notice of their Rule 11 motion, thereby rendering moot Ho and Sun's request for sanctions. *See Pennie*, 323 F.3d at 89 & n.2.

Counsel for Ho and Sun pushes back that his request is timely and not moot, noting that the Supreme Court has recognized that a district court may impose Rule 11 sanctions after a case has been dismissed or a plaintiff has voluntarily sought dismissal, and extrapolating from there that Rule 11 sanctions may be imposed when a request for sanctions is served after an offending contention has been resolved. Doc. 108 at 10 (first citing, *de la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 257–58 (S.D.N.Y. 2003); and then citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990)). But that argument is unavailing. Although the Supreme Court in *Cooter* did recognize that a district court could impose Rule 11 sanctions after a case has been dismissed, 496 U.S. at 398, that rule was partially superseded when Rule 11 was amended to include the safe-harbor provision, *de la Fuente*, 259 F. Supp. 2d at 257 n.4 ("Thus, a court can no longer issue Rule 11 sanctions in a case where, as in *Cooter & Gell*, a complaint was voluntarily

dismissed within 21 days of a request for Rule 11 sanctions."). Thus, as the court in *de la Fuente* noted, absent a statute that does not incorporate the safe-harbor provision, *see id.*, the safe-harbor provision of Rule 11 requires that the non-moving party have the opportunity to correct or withdraw a pleading in order for the movant to request sanctions, *see Pennie*, 323 F.3d at 89 & n.2; *see also SFM*, 2021 WL 21987, at *6 n.4. Because there is no such statute here, Rule 11(c)'s safe-harbor provision applies, and Ho and Sun's request for sanctions is therefore untimely.

### IV. CONCLUSION

For the foregoing reasons, Ho and Sun's motion for sanctions is DENIED. The Clerk of the Court is respectfully directed to terminate the motion. Doc. 107.

It is SO ORDERED.

Dated: September 1, 2021
       New York, New York

EDGARDO RAMOS, U.S.D.J.