MEMO ENDORSED

See last page.

# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

January 12, 2022

**Via ECF**
Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Motion to Compel Production of Supplemented Collective List &
To Authorize Newspaper and Online Publication of Collective Notice
*Qiu v. Shanghai Cuisine, Inc.,* No. 18-cv-05448 (ER) (S.D.N.Y.)

Your Honor,

We represent the Plaintiffs in the above-captioned matter. We write respectfully to request that the Court Order Defendants to supplement their deficient collective list to include collective members' contact information; and that the Court authorize newspaper and online publication of an abbreviated collective notice at Defendants' expense due to Defendants' failure to comply with the Court's Order of October 25, 2021 by producing collective members' contact information; and Defendants' failure to keep and maintain records from which such a list could be created.

## I. Relevant Procedural History

The Court conditionally certified a collective in this matter on November 14, 2019. *See* Dkt. No. 55. Defendants were to furnish collective members' contact information on Plaintiffs by November 22, 2019, but this was never done. *See id.*

Accordingly, on October 25, 2021, the Court Ordered Defendants to disclose collective members' contact information to Plaintiffs by November 8, 2021, so that notice could be disseminated by November 22, 2021. *See* Dkt. No. 131.

Defendants have not complied with this order. On November 8, 2021, Defendants provided a list of ten (10) collective members, of whom ten (10) were identified by position and work location, four (4) were identified by approximate employment end date, and zero (0) were identified by employment start date and, more crucially, address, telephone number, email address, and social media handle. *See* Ex. 1 (Nov. 8, 2021 collective list); *c.f.* Dkt. No. 131 (setting forth information to be provided).

Accordingly, we have been unable to disseminate the collective notice according to the Court's Order. Since November 8, 2021, we have attempted diligently but without success to rectify the said deficiencies.

We emailed Defense counsel on November 15, 2021, asking Defendants to supplement the collective list, for an affidavit certifying that the collective list contained all the information

Hons. Edgardo Ramos
January 12, 2022
*Qiu v. Shanghai Cuisine, Inc.,* No. 18-cv-05448 (ER) (S.D.N.Y.)
Page 2 of 4

ordered to be provided that could be gleaned from Defendants' records, and if no further information could be found, for consent to online and newspaper publication of an abbreviated form of the notice.

On November 23, 2021, Defendants provided the same collective list, unchanged except that one collective member was identified by approximate employment start date and telephone number, along with an affidavit of Chenwen Ho which admits that Defendants "have not kept information of the previous employees." *See* Exs. 2 (Nov. 23, 2021 collective list), 3 (Nov. 23, 2021 affidavit).

Accordingly, we emailed Defense counsel on November 23, 2021, again stating that the collective list was deficient, that we self-evidently could not disseminate collective notice to the collective members based on the information (or lack thereof) contained in it, and asking for consent to publication in light of Defendants' failure to keep records. Defendants emailed back saying they would not consent to publication, but did not offer any other proposals as to how to disseminate the collective notice, and seemed happy to profit from their own unlawful failure to keep and maintain records. *See* 29 C.F.R. § 516.2; 12 N.Y.C.R.R. § 146-2.1.

On December 6, 2021, the counsel met and conferred by telephone. Defense counsel represented to Plaintiff's counsel that the collective list had been prepared without the aid of other documents, but from the memories of Defendants and a third-party ex-manager. Defense counsel refused to identify the third-party ex-manager pursuant to Rule 26. *See* Fed. R. Civ. P. 26(e). Defense counsel further represented that the records could be in the possession of the buyer of Shanghai Cuisine, but that no efforts were made to obtain them from the buyer on the grounds of futility, because Defendants did not believe they could find the buyer. Nor were any efforts made to obtain records from professional agents of the Defendants, including but not limited to accountants. Finally, Defense counsel rejected publication of notice out of hand, despite Plaintiff's counsel highlighting to him a line of cases which provided for publication at Defendants' expense where Defendants had failed to keep records sufficient to create a collective list. *See* below.

## II. Plaintiffs' Proposed Remedies

For all the reasons stated above, Plaintiffs respectfully move this Court for leave to publish the collective notice in the Chinese-language newspaper the "World Journal," and online, at Defendants' expense. *See Chen v. Shanghai Café Deluxe Inc et al*, No. 16-cv-04790 (LAP) (S.D.N.Y. May 11, 2017 and June 13, 2017) ("Defendant is directed to either produce the employee list to Plaintiff or to publish a notice of pendency in a Chinese language newspaper, in a form acceptable to Plaintiff and at Defendant's expense"); *Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435 (WFK) (SMG) (E.D.N.Y. Jan. 26, 2018) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated Section 216(b) notice at defendant's [sic.] expense."); *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201 (RA) (JLC) (S.D.N.Y. Apr. 23, 2018) (where "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," Court directed notice to be posted at Defendants' business as well as newspaper

publication at defendants' expense "[b]ecause the posting alone will not adequately notify collective members who have left defendants' employment.") (emphasis added). Plaintiffs proposed abbreviated notice, in English[1] is attached as Exhibit 4.

If the Court agrees that the publication shall be at Defendants' expense on two weekend days and two weekdays per newspaper, while Plaintiffs agree that the publication expense will not exceed five thousand dollars ($5,000.00). The proposed cap is based on the quote provided to Troy Law by the newspapers in previous cases, and as such may be subject to inflation and price increases:

| Targeted Audience | Newspaper | Price / Unit | Estimated Price |
| --- | --- | --- | --- |
| Mainstream, New Yorkers | *New York Times* | $65.00 per agent line, in Business Section x 70 lines | $4,550 per day * 4 days = $18,200 |
| Mainstream, New Yorkers | *New York Post* | $1,993.93 for 1/4 page | $1,993.93 * 4 = $7,975.72 |
| Chinese-American immigrant community | *World Journal* | $750/ weekday for 1/4 page $950/ weekend day for 1/4 page | $750 per day * 2 days + $950 per day * 2 days = $3,400 |

| Targeted Audience | Social Media Outlet | Group | Number of Members (as of July 15, 2019) |
| --- | --- | --- | --- |
| Chinese-American community in the Northeast | Website | Dadi360.com | |

### III. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that this Court Order:

(1) Defendants to conduct a diligent search of all employee records in their, and their agents', possession, custody, and control, and within fifteen (15) days of an Order granting this motion to serve an affidavit on Plaintiffs setting forth, in detail, all efforts made;

---

[1] In order to reduce costs, Plaintiffs shall provide a Chinese translation of the abbreviated notice once a form of notice in English is approved by the Court.

Hons. Edgardo Ramos
January 12, 2022
*Qiu v. Shanghai Cuisine, Inc.,* No. 18-cv-05448 (ER) (S.D.N.Y.)
Page 4 of 4

(2) Defendants to serve on Plaintiffs a supplemental collective list containing all information Ordered on October 25, 2021 within fifteen (15) days of an Order granting this motion;

(3) If Defendants are able in their supplemented collective list to provide more all listed employees' contact information, whether address, telephone number, or social media handle, Plaintiffs to disseminate the collective notice, in the form already approved by the Court, to Defendants by mail, text message, and social media within thirty (30) days of an Order granting this motion; and

(4) If Defendants are unable in their supplemented collective list to provide all listed employees' contact information, whether address, telephone number, or social media handle, that Plaintiffs be granted leave to publish an abbreviated collective notice, in a form to be approved by the Court, by newspaper and online, at Defendants' expense (up to $5,000.00), within thirty (30) days of an Order granting this motion.

We thank the Court for its attention to and consideration of this matter.

> Respectfully submitted,
> TROY LAW, PLLC
>
> */s/ John Troy*
> John Troy
> *Attorney for Plaintiffs*

cc: via ECF
all counsel of record
/gdasb

> A pre-motion conference will be held on January 28, 2022 at 11 a.m. The parties are directed to call (877) 411-9748; access code 3029857. Defendants are directed to file a written response by January 19, 2022. The Clerk of Court is respectfully directed to terminate the motion, Doc. 132.
>
> SO ORDERED:
>
> _____
> HON. EDGARDO RAMOS
> UNITED STATES DISTRICT JUDGE
> January 13, 2022